By the Court. Bosworth, J.
On the 1st of May, 1850, the defendant rented to Ross the office at the foot of Barclay street, for one year from that date, for $500, payable monthly in advance. The office is known as “ The Troy Day-Boat Office.” The instrument in writing, or lease, signed by the defendant, contained no promise on his part of any kind whatever. He “ owned the property (leased) in fee simple.”
*349 Boss went into possession, and occupied until the 1st of September, when Hoyes went into possession. On the 3d of September, Hoyes paid to the defendant $41 66, for one month’s rent of the office in advance, from the 1st of September to the 1st of October. Anderson signed a written agreement, dated September 3,1851, and delivered it to Hoyes, whereby, as stated therein, “ in consideration of the punctual and prompt payment of the rent as stipulated to be paid by Eoss, he consented to receive Hoyes as a tenant in the place of Eoss, from the 1st of September to the 15th of Hovember following.”
The office was torn down on the morning of the 7th of Septemoer by the street inspector.
The appeal presents substantially but two questions:
First, Is the plaintiff entitled, upon all the facts and circumstances of this case, to recover anything ?.
Second, If entitled to recover, what is the rule by which the damages are to be ascertained?
If an action .will lie on the facts of this case, it must be for the reason that the plaintiff has paid money upon a consideration which has failed, and which in equity should be refunded. There is no attempt to prove any fraudulent misrepresentation, or concealment of any material fact. It is conceded that the defendant owned the fee of the premises on which the office stood. He had therefore all the right to grant the lease in question which any owner in fee of such property possessés.
It was unlawful, or so the plaintiff insists, to erect and continue this office on the pier on which it stood. 2 B. L. p. 432, § 220, and p. 434, 227, are cited as legislative prohibitions against such erections.
Assuming that this act divested the owner of the pier of all right to erect or continue such a structure on the pier, this fact was presumptively as well known to Hoyes as to the defendant. If is declared to be a public act (id. p. 660, § 315), and every citizen is presumed to know the law. There is nothing in the case to show that its existence and particular provisions were not as fully known to the one party as to the other. If the effect of this statute be such as the plaintiff’s "counsel contends, then it was in the power of the city to tear down the building, if not removed within twenty-four hours after a notice to re *350 move it had been given by the street commissioner. (Cor. Ord. edition of 1845, p. 288, § 1.)
The destruction or removal of the building, as both parties must be presumed to have known, when Hoyes became a tenant of the defendant, and paid one month’s rent in advance, was liable to occur at any time on twenty-four hours’ notice. It appears, however, to have been standing, and to have been used for the period of twenty years. To this, so far as the evidence shows, no objection had been made by the municipal officers of the city.
We think it a just conclusion, that both parties contracted, the one to rent, and the other to hire and pay monthly in advance, on the mutual understanding and expectation that the plaintiff would not be disturbed in the enjoyment of the premises by any action of the city corporation. That this was the understanding and expectation of the defendant and Boss, is shown by the fact that the former leased and the latter hired the premises for a year, which did not expire until the first of May subsequent to the time of pulling down the office. The consideration of the payment by the plaintiff on the third of September of $41 66 was the enjoyment to be had of the premises for the whole of that month. This consideration failed as to twenty-four days of the time for which it was paid, without the fault of either party,, and contrary to the understanding ■ of both. And we think it just and equitable that the plaintiff should at all events recover back the rent for so much of the month as he was deprived of the enjoyment of the premises.
There is nothing tending to show that the tenant, on hiring the office, and paying a month’s rent in advance, was understood by both parties to take the risk of the office being permitted to remain during the term. Unless this was so, there has been a partial failure of the consideration for which the rent was paid and received.
To the amount of such failure the recovery must be limited.
If the lease had contained covenants of seizin and for quiet enjoyment, and the plaintiff had been evicted by a paramount title, the whole amount which he could have recovered back, in an action upon any of the covenants, would be the moneys paid in advance, deducting therefrom rent at the, stipulated *351 rate for such portion of time, for which- the advance payment was made, as the lessee had enjoyed the premises, with interest on such balance.
It is regarded as settled law in this state that the ultimate extent of a grantor’s responsibility, under any or all of the usual covenants in his deed, is the purchase money with interest. (4 Kent Com. 476, 477; 5 J. R. 49; 12 id. 126; 10 Wend. 142.)
In Kelly v. Dutch Church of Schenectady (2 Hill, 116), the same rule was applied to an eviction from demised premises. The court said: “ Following that analogy, the rents reserved in a lease, where no other consideration is paid, must be regarded as a just equivalent for the use of the demised premises. The parties have agreed to so consider it. In case of eviction, the rent ceases, and the lessee is relieved from a burden which must be deemed equal to the benefit he would have derived from the continued enjoyment of the property. Having lost nothing, he can recover no damages.” (14 Wend. 41, Kinney v. Watts.)
In this case, there is no covenant or promise for the quiet enjoyment of the premises by the lessee. There is no fraud on the part of the lessee, and the plaintiff has not been disturbed in his possession by any wrongful act of the lessor. On such a state of facts, it is not perceived on what principle the liability of the defendant is any greater than it would have been if he had expressly covenanted that the plaintiff should not be disturbed during the period of his stipulated tenancy.
He accepted the plaintiff as his tenant fpr two months and a half. Each party knew at the time, or is presumed to have known, that the office might lawfully be destroyed by public authority at any time after twenty-four hours’ notice. It was so destroyed during the plaintiff’s tenancy. At least, this assumption is the only one on which his right rests to recover anything. For if the destruction of the office was not authorized by law, but was the a.ct of a trespasser, the plaintiff has not only no right of action, but is liable to pay rent for the residue of his term. The plaintiff’s counsel contended that the plaintiff was entitled to recover the value of his bargain, and also to recover back the rent for the period of the month which *352 he had paid in advance, and during which he was deprived of the possession. The case of Driggs v. Dwight, 17 Wend. 71, and Giles v. O'Toole, were cited in support of this proposition. The former case was an action upon an executory contract to give a lease. Kinney v. Watts, does not appear to have been cited by counsel on the argument, nor to have been adverted to by the court in its opinion. On the trial, the defendant’s counsel conceded that the plaintiff was entitled to recover the difference between the actual value of the rent, and the sum he had agreed to pay as rent (p. 73). The plaintiff was also allowed to recover the expenses of removing from his residence to the demised premises, although no such damage was alleged in his declaration. There are several cases which recognise the right of a person who has contracted for a lease to recover such damages when they are averred in the declaration, and the refusal of the defendant to give a lease does not result from his inability, without fault on his- part, but from his fraudulent or perverse refusal. There was no other ground for the refusal in Driggs v. Dwight. Giles v. O’Toole, 4 Barb. S. C. R. 261, and Lawrence v. Wardwell, 6 id. 423, were actions to recover damages in consequence of the refusal of the defendants, the lessors, to give possession of the demised premises, according to the terms of the lease.. It was in their power to have given the possession, and.their refusal to do'so was without any excuse which the court could approve.
It was decided in the supreme court of this state, in 1829, that a Iona fide vendor, who covenants to sell and convey land believing he has a good title, but who on discovering before any part of the consideration money has been paid that he has no title, is not liable to any damages for refusing to convey (Baldwin v. Munn, 2 Wend. 399).
The same court, in 1847, in Peters v. McKeon, 4 Denio 546, re-adjudged the sainé point, and also held that in such a case, the plaintiff could not recover for his expenses of removing upon the premises, nor for any improvements which he had made upon them.
The measure of damages in such a case was held to be substantially the same as it is in the case of an eviction, after entering into possession under an executed sale.
*353 Both of these cases recognise the rule, that where a party contracting to give a lease, or to convey, has the power to perform his contract, but perversely refuses, his refusal becomes fraudulent, and the other party may recover the value of his bargain, and any special damage actually resulting from the violation of the contract.
Retner v. Braugh, 11 Penn. R. 127, holds the same doctrine, and distinguishes between the. cases where the conduct of the lessor or grantor is iond fide, and those in which it is fraudulent.
Where it is fraudulent, the defrauded party, in an action on the case founded on fraud, may recover the value of his bargain, and any special damage, which in judgment of law has resulted from the fraud.
In this case, there is'no fraud on the part of the defendant, nor any express promise that the plaintiff should have quiet enjoyment of the premises to the 15th of November.
I do not think there is anything in the terms of the paper or lease given to Boss, or in that given to the plaintiff, from which such a promise of the defendant can be implied by law. But if there was an express promise for quiet enjoyment, as the case is free from fraud, the plaintiff could only recover back so much of the rent advanced as was paid for the twenty-four days in September, during which he was deprived of the possession, and interest from the 7th of that month.
The rent for twenty-four days, at $41 66 for the month, is $33 33.
The verdict must be set aside, and a judgment entered in favor of the plaintiff for $33 33, and interest from September 7,1850.