By the Court. Bosworth, Ch., J.
—The defenses set up in the answer are : 1. That H. A. R. Travers “ purchased said premises from said plaintiffs, with a view to the imme *506 diate improvement thereof;” and that the defendants made ’ the building contract, which they have been always willing and desirous to perform. That shortly after executing the mortgage, &c., they discovered, and so charge the fact to be, that at the time of executing the deed to H. A. R. Travers, the premises were held adversely to the testator and the plaintiffs, with claim of right and title so to do, by persons named, who then had and still have actual-possession thereof. That the plaintiffs promised to put defendants in possession, and have not done so.
2. That some of the covenants in plaintiffs’ deed were broken, eo instanti its execution and delivery, by reason of said adverse title and holding; and that said Hester, by reason of being unable to take ' possession and build, has suffered $10,000 damages, which she seeks to recover, as'a counter-claim.
It is to be observed, that the answer contains no allegation of any misrepresentation, concealment, or other deceit, practiced by the plaintiffs, to induce H. A. R. Travers to purchase, or either defendant to enter into any of the obligations to which they became parties.
Nor is there any averment of an offer by the defendants before suit brought to rescind the contracts; nor is such an offer, nor an offer to reconvey to the plaintiffs, made in the answer. And the defendants, instead of praying that the contracts may be canceled on a reconveyance to the plaintiffs being executed, demand damages by way of counter-claim, upon the theory of the contract being treated as operative and obligatory.
It is quite clear, that no breach of any covenant on the part of the plaintiffs contained in the- deed executed by them, has been proved. Assuming the corporation lease to be valid and in full force, the estate which the holder of that lease has, was not acquired from or through the plaintiffs, or their testator; nor has it arisen or been created by reason of any act or omission of either of them.
That lease was executed on the 6th of June, 1850, to give effect to a sale made on the 1st of June, 1848, to *507 obtain payment of an assessment of $11.73, confirmed the 24th of April, 1847.
The testator acquired title by a deed executed to him by Garritt S. & Jordan Mott, June 5th, 1854. Hence, if the corporation lease be valid, the estate conveyed by it had been created, and existed over three years and a half before the testator acquired title.
No covenant can be implied in any conveyance of real estate, whether such conveyance contains special covenants or not. (3 R. S. 5th Edit. p. 29, § 160 ; and see Burwell v. Jackson, 5 Seld. 535 ; The Mayor, &c. v. Mabie, 3 Kern. 151, and 158.)
It does not contain an implied covenant of seizin; or against incumbrances, or of a present right of possession.
There is, therefore, no breach of any covenant, on the part of the plaintiffs, contained in the deed executed by them to H. A. R. Travers.
As to the defense first stated in the answer, it may be observed, first, that, assuming the corporation lease to be valid, it affects the title to only half of the lots conveyed, and there is no pretense that a good title to the .other half was not conveyed. Nor has the referee found that the lots covered by the corporation lease- were in the actual possession of any third person at the time the deed given by the plaintiffs was executed.
James Travers, the only witness to that point, testified, “ that after he had made arrangements to proceed with the buildings, he went to the premises, and found Charles Dusenbury and others in possession, claiming under the corporation lease to Stark; that a foundation was partially digged, and building materials were on the ground.” He does not state when this was, nor otherwise designate the time when they took possession. Therefore, not only has the referee not found the fact of there being an adverse possession at the time the plaintiffs conveyed to H. A. R. Travers, but, on the contrary, no evidence was given which would warrant such a finding.
The case, then, on the merits, stands thus: The plain *508 tiffs, supposing, so far as the evidence warrants any conclusion as to what they supposed or believed, that their testator had title to the twenty lots, in good faith conveyed whatever estate he had in the twenty lots at the time of his decease; they practiced no fraud or deceit in mating the sale. H. A. R. Travers bought, ignorant, as were also the plaintiffs, of the existence of the corporation lease.
There was a mutual mistake as to a material matter, viz: as to the corporation lease creating an estate in half of the lots for the term of four hundred years.
When the defendants discovered this mistake they had their election, assuming the mistake to be one which would authorize a court of equity to rescind the contract, to offer to rescind and reconvey, on having their obligations canceled and surrendered, or to hold on to their bargain, .pay the contract price, and have such relief as the plaintiffs’ covenants might entitle them to demand.
This, certainly, is the most favorable rule in behalf of • the defendants ; that it is consistent with elementary law and adjudged cases, see 2 Kent’s Com. 471, 472 ; Belknap v. Sealey, (4 Kern. 143 and 158;) Tallmadge v. Wallis, (25 Wend. 107 and 114, 115 ;) Van Epps v. Harrison, (5 Hill, 63 ;) Mason v. Bovet, (1 Denio, 73, 74.)
They cannot retain their deed, and such estate as it conveys, and avoid paying the contract price, there being no fraud on the part of the plaintiffs, and none of their covenants being broken.
When this action was commenced, the case does not disclose. The complaint was verified the 21st of October, 1856, and the suit was brought by reason of a failure to pay interest falling due August 1, 1856.
Assuming" that there was no laches in not offering to rescind, so long.as the plaintiffs gave the defendants reason to expect they would be put in possession, yet it was their duty to take that' position when this action was brought, and claim that kind of relief, if they intended to take it at all, and to allege the facts and offer to do the acts which would entitle them to it.
*509 Whether the defendants’ purchase would be a bad speculation if held to pay the contract price for a present fee in ten lots, and a remainder in the other ten, the evidence furnishes no means of determining.
If these views are correct, the first exception taken to the refusal to dismiss the complaint is untenable. It is not found as a fact, nor does the evidence tend to show that the defendants could not have taken possession of ten of the lots at any time, nor that they might not have taken possession of the whole at the time the deed to them was received and recorded.
The ground of the second exception to the refusal to dismiss the complaint does not entitle the defendants to such relief. For aught that appears, the premises were not actually occupied when the defendants received their deed, and no third person had then made any claim of title to any part of the lots, and in that condition of things there was no possession- to be given in addition to the execution and delivery of the deed.
The offer to prove that the plaintiffs represented the title to be good and free from encumbrances was properly excluded ; no such defense is stated in the defendants’ answer.
The offer to prove certain facts, by way of establishing a counter-claim, was properly overruled, because, First: There was- no proof of any breach of any covenant on the part of the plaintiffs; and, Second: On failure of title, in cases free from fraud, where the grant contains, a covenant of seizin, the measure of damages is the consideration money, if it has been paid, and interest thereon. (Peters v. McKeon, 4 Denio, 546 ; Noyes v. Anderson, 1 Duer, 342 ; Conger v. Weaver, 20 N. Y. R. 140.)
And it is a sufficient answer to all the grounds on which the court was asked to dismiss the complaint, that on no principle could the defendant, H. A. R. Travers, be permitted to retain the estate conveyed to her without paying to the plaintiffs any part of the contract price; and a judgment dismissing the complaint, after all the evidence had been given, would have effected that result.
*510 The decision and the judgment entered thereon are, that the premises be sold; that out of the proceeds of thé sale, liens for taxes and assessments be discharged, and the plaintiffs’ costs paid ; and that the residue be applied in satisfaction of the amount due to the plaintiffs, and if ■ there be* a deficiency that the defendants pay it.
The plaintiffs offered on the argument to consent to a modification of the decree, whereby the defendants should ■ be discharged from all liability for any deficiency.
Such a decree, assuming the plaintiffs to have been the purchasers at the sale under the judgment .in this action, would, in effect, reinvest the title in the plaintiffs at their own expense, and exonerate the defendants from all liability as purchasers—and would be, in effect, a rescinding of the contract as to the sale, and purchase and conveyance of the land.
But the defendants have neither asked such relief, nor suggested that they would be content with it. On the argument of the appeal, as at the trial, they claimed no relief based on an offer, or an avowéd willingness to surrender and cancel the contracts and reconvey the land, but urge their defenses and supposed counter-claims, by virtue of their rights created by the deed, its covenants and the cotemporaneous contracts.
In this condition of things, unless they consent to a judgment releasing them from the deficiency, upon a cancellation ' of the building contracts by ‘the act of all the parties to them, the court has no right to modify the judgment as the plaintiffs consent that it may be, and as- thus modified, affirm it.
Judgment affirmed.