(21 App. Div. 503.)

## GUGEL v. ISAACS.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

LANDLORD AND TENANT—RECOVERY OF RENT.

Where, in proceedings by a city to acquire title to real property for public purposes, an award is made to a tenant thereof for the full installment of rent payable in advance under his lease for the period within which the title vests in the city, the landlord may recover from the tenant the full amount of such installment, although, from the date of vesting, the tenant has attorned to and paid rent to the city. O'Brien, J., dissents.

Submission of controversy on an agreed statement of facts between Mary E. Gugel and Bernard Isaacs. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

S. W. Dexter, for plaintiff.

H. B. Wesserman, for defendant.

VAN BRUNT, P. J. On or about the 1st of February, 1894, the plaintiff leased to the defendant the premises Nos. 77 and 79 Hester street, and No. 42 Orchard street, in the city of New York, for the term of three years from May 1, 1894, at the yearly rent of $3,000, to be paid in equal monthly payments in advance, except the last three months' rent, which was to be paid in advance on the 1st of February, 1897. The lease contained the usual clause of re-entry and a covenant upon the part of the defendant to pay the rent in the manner specified therein. On or about the 15th of October, 1895, the board of education of the city of New York duly made application to the supreme court for the appointment of commissioners of estimate for the purpose of acquiring title to certain lands in Orchard, Hester, and Ludlow streets, and such proceedings were had that commissioners were duly appointed by the supreme court; and on or about the 25th of November, 1896, the said commissioners made a report, which was presented to the supreme court at special term, and a motion then and there made to confirm the same. The plaintiff's premises, leased as above mentioned to the defendant, were embraced in the proceedings; and an award was made to the plaintiff, for the land and premises, of $43,500; to the defendant, for his leasehold, $750; to one Charles Daniel (sublessee) $1; and to one Aaron Moshkovitz (sublessee) $750. On the 3d of February, 1897, the report of the commissioners was duly confirmed; and, pursuant to statute, the title to said premises, on said day, vested in the corporation of the city of New York. The defendant continued in possession of the premises, and attorned to the corporation of New York on and after the 3d of February, 1897, and paid as rent for the use and occupation thereof, to said corporation, from that date to the 14th of April, 1897, the sum of $570. The sum of $750 for the quarter's rent ending May 1, 1897, which under the terms of the lease became due and payable on the 1st of February, 1897, has not been paid by the defendant. The plaintiff demands judgment for $750, with interest; and the defendant offers to allow judgment for the sum of $21.66, accrued rent to and including February 3, 1897.

The question presented by this submission is whether the plaintiff is entitled to recover the quarter's rent which fell due on the 1st of February, 1897, for the succeeding three months, and which it was provided in the lease made by the plaintiff to the defendant should be paid in advance. The case of Giles v. Comstock, 4 N. Y. 270, seems to answer this proposition. In that case it was held that the landlord was entitled to recover the quarter's rent payable in advance on the 1st day of February, although, before the quarter expired, a mortgage prior to the lease was foreclosed in chancery, the premises sold, and the tenant attorned to and paid the same rent to the purchaser. The rule is distinctly laid down that, to bar an action for rent, the eviction must take place before the rent becomes due. And whether it became due by special agreement in advance, or without such agreement by the expiration of the term, does not vary the rights of the lessor. The question is as stated in that case: "When did the rent become due and the right of action arise?" This rule does not seem to have been modified by any subsequent adjudication. It is claimed that the case of Noyes v. Anderson, 1 Duer, 342, establishes a different rule. But an examination of that case shows that although language is used which may be in conflict with the rule laid down in Giles v. Comstock, supra, yet that it was inapplicable to the facts in the Giles Case and in the case at bar. In the case of Noyes v. Anderson, a building was torn down by the public authorities during the month for which rent had been paid in advance, without notice to or consideration of the tenant. In the case at bar it appears that an award was made to the defendant and to his subtenants because of the termination of the lease during the three months for which he was liable to pay rent in advance. It is clear that he received compensation for the liability which he was under by reason of the terms of his lease.

The plaintiff, therefore, is entitled to recover $750 and interest and costs.

WILLIAMS, PATTERSON, and INGRAHAM, JJ., concur.

O'BRIEN, J. (dissenting). There being no formal pleadings, the rights, both legal and equitable, arising upon the stipulated facts, may be considered and determined by the court. The lease contained a covenant that the defendant "shall and may peaceably and quietly have, hold, and enjoy the said demised premises for the term aforesaid"; and there was a further provision that, if the conditions and covenants of the lease were fulfilled by the defendant, then the plaintiff was to extend the term of the lease two years more. The city acquired title on February 3, 1897, pursuant to act of the legislature. The lease and all the covenants then ceased and determined, because, pursuant to such act, the city became seised in fee simple absolute of the lands for the purposes for which it had acquired the same. It became the duty, therefore, of the defendant, either to vacate the premises or attorn to the city. He elected to perform the latter duty by remaining in the premises, and paying, as he did, the rent to the city from February 3d. Notwith-

standing this, it is insisted that the tenant should, in addition, pay the three months' rent in advance, which was due February 1st, for the quarter ending May 1st. So that, if obliged to pay this amount also, it is clear that the tenant will have paid twice for the use of the premises from February 3d.

It is true that in the award made by the commissioners the defendant received, as damages for his leasehold interest, the sum of $750. But this cannot be assumed to have been awarded, because the tenant was obliged to pay that amount, but, rather, it is to be assumed that it was the value of the lease, as distinguished from the value of the use, the rule being that, if the rent is less than the yearly value of the lease, compensation should be allowed in respect to the difference (Wiggin v. Mayor, etc., 9 Paige, 16); for to assume that the award of $750 was intended as compensation merely for the amount which the tenant had to pay on February 1st would be to conclude that the commissioners decided that he had no beneficial interest in the lease, although, as we have seen, he not only had the quarter ending May 1st, but was entitled to an additional term of two years. Had the defendant paid the rent on the 1st day of February in advance for the three succeeding months, it seems but right that he should have recovered back a proportionate part of such rent from February 3d, on the ground of failure of consideration or equitable set-off; and therefore, not having paid it, the plaintiff should not be allowed, because not equitably entitled to, that portion of the rent which accrued subsequent to February 3d.

In support of the view that, if paid, a portion of it could be recovered back, we have the case of Noyes v. Anderson, 1 Duer, 342, wherein the court allowed a recovery for so much of advance rent paid as was proportioned to the part of the month during which the plaintiff was deprived of the use of the premises by the action of the city authorities in tearing down the building. The recovery was allowed on the principle that to this extent there had been a failure of consideration, the lease having been given and taken in mutual expectation that the plaintiff would not be disturbed in the enjoyment of the premises by any action of the city. See, also, Whitney v. Meyers, 1 Duer, 266. And in Dyett v. Pendleton, 18 Cow. 727, the court of errors quoted from Baron Gilbert in his essay on Rents (page 145), as follows:

"A rent is something given by way of retribution to the lessor for the land demised by him to the tenant, and consequently the lessor's title to the rent is founded upon this: that the land demised is enjoyed by the tenant during his term included in the contract, for the tenant can make no return for a thing he has not. If, therefore, the tenant be deprived of the thing letten, the obligation to pay the rent ceases, because such obligation has its force only from the consideration which was the enjoyment of the thing demised."

It is true that a contrary view seems to have been taken in the case of Giles v. Comstock, 4 N. Y. 270; but that case, I think, is clearly distinguishable. There, before the quarter expired, a mortgage prior to the lease was foreclosed, and the premises were sold, and the tenant attorned to and paid the rent to the purchaser. It

was therein held that, to render an eviction of a tenant a valid defense against the landlord's claim for rent, it must take place before the rent falls due. The point of distinction between the two cases is that there the lease was taken expressly subject to the mortgage, and it does not appear therein that there was any covenant, as in the lease here, for quiet enjoyment, or that, in violation of such covenant, the tenant was evicted by title paramount. In those two features I think this case is distinguishable from Giles v. Comstock, and it falls expressly within the principle of the cases above referred to, which support the proposition that, where one is evicted by a title paramount, he should not be obliged to pay, or, if he has paid, that he should receive back, a proportionate part of the rent for the term subsequent to eviction.

I think, therefore, that all the plaintiff was entitled to recover was what the defendant offered to allow, namely, $21.66, accrued rent to and including February 3d. For the reasons stated, therefore, I dissent from the conclusion reached by my associates.