(23 Misc. Rep. 695.)

## MULLIGAN v. COX.

(Supreme Court, Appellate Term. June 6, 1898.)

SUMMARY PROCEEDINGS—DEFENSES.
    While a tenant may, in general, set up in defense to summary proceedings to remove him for nonpayment of rent that the title of the landlord has been defeated by some event happening after the lease was made, he cannot do so if, since that event, the landlord has already secured against him a final order of removal in a previous proceeding of the same character based on default in paying an earlier installment, for such an order conclusively establishes as to him the continuance of the relation of landlord and tenant after the happening of the event in question.

Appeal from Tenth district court.

Action by Agnes K. M. Mulligan against John J. Cox. From a judgment dismissing the proceedings, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Charles W. Coleman, for appellant.

Maurice Meyer, for respondent.

PER CURIAM. This proceeding was instituted to recover the possession of the demised premises by reason of the nonpayment of rent claimed to be due on the 1st day of December, 1897, under a lease which is set forth in the petition. The tenant interposed an answer in which he denied the allegations of the petition, and set up a further defense tending to show that one Charles Barson, Sr., died on the 2d day of October, 1897, and that upon his death all the right, title, and interest of the landlord above named thereupon came to an end, and that since the decease of said Barson the said landlord ceased to have any right, title, or interest in the property, or the possession of the same, and that he, the said tenant, was then, and had been since the decease of said Barson, in possession of the premises under the consent, permission, and license of certain persons whom he mentions, and who, he declares, became entitled to the possession of the property as reversioners upon the death of Barson. The facts leading up to this conclusion are set forth in the answer. Without here stating them at length, it is sufficient to say that the interest of the landlord was itself a leasehold one, derived from Barson, who was a life tenant of the property, and consequently ceased upon his death, when the possessory right to the property, free from demise, passed to those who were entitled to the fee. Although a tenant may not dispute the title of his landlord, this doctrine does not prevent him from showing that such title has been defeated by some event happening after the making of the lease. This is well settled (Jackson v. Rowland, 6 Wend. 666, 670; Despard v. Walbridge, 15 N. Y. 377; Hoag v. Hoag, 35 N. Y. 469; Hetzel v. Barber, 69 N. Y. 1), and is not the subject of dispute here, the contention of the landlord being that the tenant is precluded from availing himself of the defense by reason of a prior final order recovered against him in similar proceedings brought upon the same lease at a time when such defense could have been interposed. It appears from the proofs that on the 14th day of October, 1897, summary proceedings were instituted by the landlord against the tenant for the recovery of the premises in question on the ground that the latter was holding over after a default in the payment of one month's rent, which became due under the lease on October 1st. The petition was in the usual form. An answer was interposed by the tenant, in which, among other things, he set up that the lease had terminated by reason of Barson's death, predicating his claim, however, upon a somewhat different theory from that presented by the defense in the proceeding now before us. A trial was had, which, on the 21st day of October, 1897, resulted in a final order in favor of the landlord, awarding to him the delivery of the premises. The issuing of a war-

rant, however, was stayed by the payment of the rent, and the order in question, while it still stood, did not have the effect of annulling the lease. Code Civ. Proc. § 2253. It has been held in the case of Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, that the determination in such a proceeding comprehends and involves "every question relating to the validity of the lease and the relation between the parties, and the estoppel of the judgment extends to them, even though they were not litigated or considered in that proceeding. The effect, then, of the final order of October 21, 1897, was to establish a subsisting relation of landlord and tenant between those parties, notwithstanding the existence of facts tending to negative such a conclusion; and the tenant cannot now be permitted to assume a position which is inconsistent with that adjudication. He might have pleaded such facts in that proceeding, but did not. It is too late to do so now, where the effect would be to contradict what has been finally adjudicated.

The justice below, in dismissing this proceeding, rested his decision on the ground that the tenant could not have raised the defense in question in the former proceeding, because the rent for the non-payment of which it was brought was actually due under the lease, and he quotes in support of this view the case of Gugel v. Isaacs, 21 App. Div. 503, 48 N. Y. Supp. 594. That case, however, in no way supports his contention. There the suit was not to recover the property, but for rent, which was payable in advance, and all the court held was that a subsequent eviction before the expiration of the quarter for which the rent was payable was no defense. It does not follow that because rent is due the landlord necessarily has a right to recover possession for its nonpayment, for if, after the rent becomes due, his reversionary interest ceases, he cannot recover the premises although he may recover the rent. The facts of the case last cited afford an apt illustration of this proposition. The adjudication in the former proceedings, then, conclusively established the continuance of the relation of landlord and tenant between the parties, and, as no change of conditions since it was rendered is shown, it follows that the landlord was entitled to a final order in his favor, and it was, therefore, error to dismiss the proceedings.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.