CUKOR et al. v. WIENER.

(Supreme Court, Appellate Term. May 15, 1908.)

1. LANDLORD AND TENANT—ACTION FOR RENT—CONSTRUCTIVE EVICTION.

In an action for rent, evidence *held* insufficient to sustain a finding that the tenant had been evicted by the landlord's failure to provide hot water.

2. SAME—ACCRUAL OF RENT—SUBSEQUENT EVICTION.

In an action for rent for the month of September, which was due and payable September 1, 1907, it was no defense that the tenant was constructively evicted by the landlord's failure to provide hot water on and after that date.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 767.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Cukor and another against Reuben Wiener. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Herman Roth, for appellant.
Morris Cukor, for respondents.

PER CURIAM. This case was submitted on the following agreed statement of facts, viz.:

"(1) That plaintiffs were and are the owners of the premises herein, and that defendant was a tenant therein at a monthly rental of $29, due and payable

monthly in advance on the 1st day of each and every month. (2) That on and about the 1st day of September, 1907, the plaintiffs failed to supply hot water in defendant's apartments, and that there were and are hot water apparatus and pipes in said building under the control of the plaintiffs. (3) That the 1st and 2d days of September, 1907, were Sunday and Labor Day, respectively. (4) That defendant vacated and delivered possession of premises on September 3, 1907."

The complaint sets forth a cause of action for the September rent. The answer does not deny nonpayment of the rent, but sets up the defense of a constructive eviction by reason of plaintiff's neglect to supply hot water. The justice found for plaintiffs. Defendant appeals.

From the very meager statement of facts it is impossible to say how long the hot-water supply was cut off, unless it be for one day— i. e., September 1st; nor does it appear to what extent, if any, defendant was disturbed thereby in his quiet enjoyment of the premises, or whether he was justified in abandoning the premises, or whether or not there was any express agreement as to hot water supply. The appellant relies on the case of Jackson v. Paterno (Sup.) 108 N. Y. Supp. 1073; but the agreed statement of facts herein does not bring this case within that authority. There is nothing to show that plaintiff agreed to furnish hot water. In the Paterno Case, which was not involving hot-water supply, but heat, it appeared that the only means of heating the apartments was by the pipes, which were under the exclusive control of the landlord. Moreover, the conditions that the tenant construes as an eviction existed on and after September 1st, when the rent was due, and, even if a constructive eviction was proved, that would be no defense. Gugel v. Isaacs, 21 App. Div. 504, 48 N. Y. Supp. 594. Upon the evidence submitted the justice seems to have been warranted in deciding for plaintiffs, as defendant does not appear to have made out his defense of constructive eviction.

The judgment should be affirmed, with costs.