### DOCTER v. WASSON.

(Supreme Court, Appellate Term, First Department.   May 7, 1914.)

LANDLORD AND TENANT (§ 200*)—RENT—RIGHT TO RENT.

>  Where a tenant was constructively evicted during the month because of the landlord's failure to furnish heat, the landlord, unless the tenant sets up a counterclaim, is entitled to recover the whole installment of rent for that month, where the lease provided for payment of the monthly installments of rent in advance.

>  [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 794–797; Dec. Dig. § 200.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Rosa Docter against James B. Wasson. From a judgment for defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Jerome Wilzin, of New York City, for appellant.
Hugh Gordon Miller, of New York City, for respondent.

GUY, J. This action was brought to recover rent for the month of October, 1913, of premises leased by plaintiff to defendant. The answer set up a constructive eviction for lack of heat, but contained no counterclaim.

By the lease the monthly rent of $125 was payable in advance on the 1st day of each and every month during the term, which began on October 1, 1911, and ended September 30, 1914. Defendant entered into and remained in the premises until October 27, 1913, when he abandoned the premises. On October 21, 1913, defendant wrote plaintiff's attorney as follows:

"If plaintiff will make the necessary repairs and accept $100 a month, I will remain and make every effort to pay the rent on time. I ought really

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not to pay as much rent. * * * But for Mrs. Docter's sake, as well as my own, and to avoid moving, I will strain a point and pay that much. In case she declines to accept the $100 a month, I shall feel obliged to vacate the apartment. You will therefore kindly inform me of her decision as soon as possible."·

On the trial defendant introduced evidence as to insufficient heating of the premises during the two previous winters, and at times in October, 1913, and as to complaints thereof made by defendant to plaintiff; but there was no evidence that defendant continued to occupy the premises because of any assurances by plaintiff that the alleged defect would be remedied. Under a lease whereby the rent is payable in advance on the 1st of each month, the entire month's rent is due in advance on the 1st of the month. Gugel v. Isaacs, 21 App. Div. 503, 48 N. Y. Supp. 594, affirmed 162 N. Y. 636, 57 N. E. 1111. No counterclaim being pleaded because of subsequent alleged constructive eviction before the expiration of the month, plaintiff was entitled to judgment. Whether there was a constructive eviction as to the balance of the term of the lease after October 31, 1913, is a matter for future adjudication, and is not hereby determined.

Judgment reversed, with costs, and judgment directed in favor of plaintiff for $125 and appropriate costs in the court below. All concur.