law and because of newly discovered evidence. This was error. No errors in the reception or inclusion of material evidence, or other errors in the ruling during the trial, are pointed out, or are observable in the case. No showing of newly discovered evidence sufficient to excuse again occupying the time of the court or delaying other suitors is exhibited in the moving affidavit—that of the attorney, who deposes that plaintiff has discovered a new and important witness, "who knows of his own knowledge that defendant had knowledge of the defective condition of the roof in question; that your deponent is informed by the plaintiff herein, and verily believes same to be true, that it was impossible to have produced such witness on the trial of this case, because neither the plaintiff nor his witnesses had knowledge of the existence of the said witness until after the trial of this action." This not only comes short of showing exercise of reasonable diligence, but also fails to promise the production of testimony other than cumulative or tending to impeach witnesses, for neither of which purpose may a new trial be granted. The order setting aside the dismissal and granting a new trial should be reversed.

Order setting aside dismissal of the complaint and granting a new trial reversed, and judgment of dismissal affirmed, with costs. All concur.

---

GEORGE A. FULLER CO. v. MANHATTAN CONST. CO.

(Supreme Court, Appellate Term.   June 23, 1904.)

**1. LANDLORD AND TENANT—COVENANT OF QUIET ENJOYMENT—BREACH.**

To constitute a breach of the covenant of quiet enjoyment, there must be an actual or constructive eviction, and a constructive eviction cannot be deemed to exist without a surrender of the premises.

**2. SAME—ACTIONS FOR RENT—DEFENSES—EVICTION.**

Eviction, in order to constitute a defense to an action for rent, must have taken place before the rent became due.

**3. SAME—COUNTERCLAIM—INDEPENDENT TORTS.**

Acts of a landlord in harassing and annoying a tenant by threats and intimidation, and preventing him from removing his effects from the premises, are not a violation of the contract of leasing, but are, if anything, a tort, the damages growing out of which cannot be counterclaimed in an action for rent.

**4. PLEADING—DEMURRER—PLEADINGS BAD IN PART.**

A demurrer to the whole of an answer for insufficiency of facts is properly overruled where an issue is raised by any of the denials or allegations of the answer.

**5. SAME—DENIALS—SUFFICIENCY TO RAISE ISSUES.**

Denials in an answer raise no issue, unless they deny material allegations of the complaint, or serve to put in issue some fact alleged therein, which plaintiff must prove in order to recover, and which defendant may disprove.

**6. SAME.**

A denial, on information and belief, of plaintiff's incorporation, raises no issue.

---

¶ 2. See Landlord and Tenant, vol. 32, Cent. Dig. § 767.

7. SAME—ACTIONS FOR RENT—ESTOPPEL TO DENY TITLE.

In an action for rent, a denial that plaintiff is the lessee of the build-ing in which defendant has rented offices raises no issue, as the tenant cannot question his landlord's title.

8. SAME.

A denial of allegations charging nonpayment of rent raises no issue, where the lease is admitted by a lack of denial.

9. SAME—CONCLUSIONS OF LAW.

An allegation, in a complaint, that rent became due and payable, is a conclusion of law, which is not put in issue by a denial.

10. SAME—DENIAL OF DEMAND—MATERIALITY.

In an action for rent, whether the rent was demanded or not is im-material, and a denial that it was demanded is not the denial of a ma-terial fact.

11. SAME—PAYMENT—NECESSITY OF PLEADING.

In an action for rent, a general denial of all the allegations of the com-plaint, including the allegation of nonpayment, is not sufficient to permit proof of payment, which must be pleaded in order to be proved.

Appeal from City Court of New York, Special Term.

Action by the George A. Fuller Company against the Manhattan Construction Company. From an interlocutory judgment overruling a demurrer to the answer, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

John B. B. Fiske, for appellant.
Henry J. McClelland, for respondent.

SCOTT, J. The complaint alleges the incorporation of the plaintiff and defendant; that plaintiff was the lessee of a certain building; that on May 23, 1903, the plaintiff leased to defendant two rooms in said building for the period of 11 months, ending May 1, 1904; that the rent for the months of November and December, 1903, and Janu-ary, February, and March, 1904, became due and were demanded, but plaintiff has refused to pay the same. The answer denies on informa-tion and belief the incorporation of plaintiff, and that it was lessee of the building, and denies the allegations of paragraphs 7, 8, and 9 of the complaint, being the allegations respecting the rent for the months of January, February, and March, 1904. It then sets forth, as a sep-arate defense, that the rent for November and December became due and was unpaid, and that the plaintiff harassed and annoyed the de-fendant by threats and intimidation, and that when, in March, 1904, defendant decided to leave said rooms, plaintiff prevented it from re-moving its effects therefrom. For a third defense, and by way of counterclaim, the defendant reaffirms the allegations of its second de-fense, and demands damages therefor. The plaintiff demurred to the whole answer as insufficient in law upon the face thereof, and sep-arately demurred to the counterclaim as not stating facts sufficient to constitute a cause of action. The demurrer was overruled.

The whole theory of the defense and counterclaim is based upon the erroneous apprehension that the covenant of quiet enjoyment in a lease is broken, simply because the landlord in some way annoys

the tenant in the possession and enjoyment of the demised premises. Such is not the law. To constitute a breach of the covenant, there must be an actual or constructive eviction, and there cannot be deemed to have been a constructive eviction without a surrender of the premises. And to constitute a defense to an action for rent, the eviction must take place before the rent becomes due. Gugel v. Isaacs, 21 App. Div. 504, 48 N. Y. Supp. 594. In the present case the defendant did not attempt to leave before March 15th, and the rent for March, by the terms of the lease, became due on the 1st of the month. So, even if the defendant should claim that the acts of the landlord amounted to a constructive eviction, and that they were about to surrender possession in consequence thereof on March 15th, these facts, if sustained, would be no defense to an action for the March rent. The facts stated in the second defense do not, therefore, constitute a sufficient defense to the action for rent. Nor are they sufficient to sustain a counterclaim. The acts of the landlord, if established, are not a violation of the contract of leasing, but amount to a tort, if anything, and damages therefor may not be counterclaimed in an action upon a contract of lease. It is clear, therefore, that the facts alleged in the second defense are insufficient, and that the demurrer to the counterclaim should have been sustained.

The demurrer for insufficiency, being to the whole answer, was properly overruled if there is an issue raised by any of the denials or allegations. The defendant relies upon its denials. These are three in number, but unless they are denials of material allegations of the complaint, or serve to put in issue some fact alleged in the complaint which the plaintiff must prove in order to recover, and which the defendant may disprove, they raise no issue, and are unavailing. The denial, on information and belief of plaintiff's incorporation, raises no issue. The like denial that plaintiff is the lessee of the building in which defendant rented offices, likewise raises no issue, because the tenant cannot question his landlord's title to the demised premises. The denial of the allegations respecting the nonpayment of the rent for January, February, and March also raises no issue, when taken in conjunction with the circumstance that the lease is admitted by a lack of denial. That the rent became due and payable is a conclusion of law, and not of fact, and is not put in issue by the denial. Whether it was demanded or not is immaterial, and the denial of a demand is not, therefore, the denial of a material fact. The general denial of all the allegations, including the allegation of nonpayment, is not sufficient to permit proof of payment, which must be pleaded in order to be proved. It follows that none of the denials are sufficient to relieve the answer of the charge of insufficiency.

Judgment reversed, and demurrer sustained, with costs in this court and the court below, with leave to defendant to amend its answer within 20 days upon payment of costs. All concur.