### ZBARAZER REALTY CO. v. BRANDSTEIN.

(Supreme Court, Appellate Term. January 8, 1909.)

1. LANDLORD AND TENANT (§ 152*)—LEASE—CONSTRUCTION—REPAIRS.

A lease of a flat, requiring the tenant to repair the walls, plumbing, etc., excludes duty to make repairs not specified, e. g., repairs on roof.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 541; Dec. Dig. § 152.*]

2. LANDLORD AND TENANT (§ 106*) — REPAIRS — FAILURE TO MAKE—TENANTS' RIGHTS.

A tenant of a flat was justified in quitting possession, where the landlord persistently neglected to repair a defective roof, resulting in the premises being flooded in rainy weather.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 331; Dec. Dig. § 106.*]

3. INDEMNITY (§ 6*)—LIABILITY OF INDEMNITOR TO CLAIMANT.

Lessors' successor is not liable to the lessee for the return of a deposit securing performance of the lessee's covenants, where it did not contract to return it; its agreement with the lessors to hold them harmless from any claim by the tenant for a return of the deposit not being a promise to pay the tenant, inuring to his benefit, but a promise to reimburse the lessors for what they might be required to pay on account of the deposit.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 16; Dec. Dig. § 6.*]

4. LANDLORD AND TENANT (§ 210*)—RENT—APPORTIONMENT.

A tenant is liable for a whole month's rent accruing before constructive eviction, though the eviction occurs before expiration of the month, but can counterclaim for the reasonable value of the use of the premises for the remainder of the term.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 838; Dec. Dig. § 210.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by the Zbarazer Realty Company against Adolph M. Brandstein. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Isidore Neustaedter, for appellant.
Simmons & Harris, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BISCHOFF, J.   The action was brought to recover $60 for each of the months of February and March, 1908, the rent reserved in a written lease of the parlor flat of the premises 423 East Sixth street, in the city of New York, borough of Manhattan, which lease was dated the 27th day of June, 1905, and made by Samuel Alter, a predecessor in interest of the plaintiff, to the defendant, for a term of 2 years and 8 months, beginning on the 1st day of September, 1905, and ending on the 1st day of May, 1908.   The rent was $720 per annum, payable in equal monthly installments on the 1st day of each and every month during the term.   On the 13th day of February, 1908, the defendant quit the possession of the premises, claiming to have been evicted therefrom by the plaintiff's persistent neglect to repair the roof of the extension, which latter was a part of the premises demised, whereby the premises were caused to be flooded during inclement weather and rendered unfit for the purposes of a private dwelling, to which their use was expressly restricted.   On the trial the defendant pleaded his eviction from the demised premises, and interposed a counterclaim for $100; that being the amount deposited by him with his lessor as security for the performance of the lease on his part, and which amount the lessor agreed to return to him "after the expiration of the lease."   The court below found for the defendant, awarding judgment in his favor for $74; that being the difference between the amount of the counterclaim and the proportionate rent for the month of February at the time when the defendant quit the possession of the premises.

On this appeal from the judgment it is urged for the appellant that no eviction could result from the plaintiff's failure to repair the roof of the extension, since the defendant himself was bound to make the repairs; but the lease provided that the lessee "shall at his own cost and expense make and do all repairs to the walls, ceilings, paper, glass, and glass globes, plumbing work, ranges, pipes, and fixtures belonging thereto"; and this must be held exclusive of any other duty of the defendant to make repairs.   "Expressio unius personæ, vel rei, est exclusio alterius."   Wharton's Legal Maxims, p. 87, No. 36; Flanagan v. Fox, 6 Misc. Rep. 132, 26 N. Y. Supp. 48, affirmed on opinion below 144 N. Y. 706, 39 N. E. 857.   Were, therefore, this question of the proper interpretation of the lease the only one upon which the judgment is challenged, we would be content to affirm the latter, since we cannot reasonably differ from the finding of the court below that the defendant was justified in quitting the possession of the premises for the plaintiff's persistent neglect to make the needful repairs.   Error of gravity, however, calls for the reversal of the judgment.

The plaintiff's agreement with its immediate grantors, Weinstock & Brown, as it appears in writing, was that it (the plaintiff) would hold Weinstock & Brown "free and harmless of and from any and all claims which may be made by the said tenant, or his assigns, for the return of said security."   This was not a promise to pay the amount of the security to the defendant, which would inure to his benefit, and of which he could avail himself; but the promise was one to indemnify Weinstock & Brown—that is to say, to reimburse them for what they might be required to pay because of the sum of money deposited with

them (22 Cyc. 77, "Indemnify")—and this express promise necessarily prevents the arising of any other by implication. The plaintiff had not contractually assumed the payment to the defendant of the security deposited, and the award thereof to him, against the plaintiff, was unauthorized.

Again, by the terms of the lease the February rent became due and payable before the defendant's eviction. The plaintiff was, therefore, entitled to the whole rent for the month. Hurliman v. Seckendorf, 10 Misc. Rep. 550, 31 N. Y. Supp. 443; Stein v. Rice, 23 Misc. Rep. 348, 51 N. Y. Supp. 320; Fuller v. Man. Const. Co., 44 Misc. Rep. 219, 88 N. Y. Supp. 1049; Gugel v. Isaacs, 21 App. Div. 504, 48 N. Y. Supp. 594. True, the defendant might have been entitled to deduct from the rent reserved the reasonable value of the use of the premises for the remainder of the term, having been deprived of such use because of his eviction. But a recovery of the value of such use was the subject-matter of a counterclaim, and no such counterclaim was pleaded or attempted on the trial. It was error, therefore, to credit the plaintiff with less than the entire amount of the February rent.

For the reasons stated, the plaintiff was entitled to judgment against the defendant in the sum of $60, the February rent, and a judgment for the defendant is unsupported by the record.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.