(62 Misc. Rep. 490.)

### MARTIN v. LEFKOWITZ.

(Supreme Court, Appellate Term. March 5, 1909.)

1. COURTS (§ 190*)—DEFAULT JUDGMENT.
   Appeal will not lie from a default judgment of the Municipal Court of New York City.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—STRIKING PLEADINGS AS FRIVOLOUS.
   The Municipal Court has no power to strike out pleadings as frivolous.
   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—JUDGMENT ON PLEADINGS.
   The Municipal Court has no power to give judgment on the pleadings under Code Civ. Proc. § .547, as added by Laws 1908, p. 462, c. 166, its provisions being applicable, under section 3347, subd. 4, to courts of record only.
   [Ed. Note.—For other cases see Courts, Dec. Dig. § 189.*]

4 COURTS (§ 189*)—MUNICIPAL COURTS—REFUSAL TO OPEN DEFAULT—COSTS.
   The Municipal Court has no power to impose costs on denial of motion to open a default.
   [Ed. Note.—For other cases, see, Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Walter H. Martin against Meyer Lefkowitz. From a judgment by default, and from an order denying a motion to open the default, defendant appeals. Appeal from judgment dismissed, order reversed, default opened, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Isidor L. Daniels, for appellant.
Albert H. T. Banzhaf, for respondent.

PER CURIAM. The defendant appeals from a judgment taken against him by default, and also from an order denying his motion

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to open such default. No appeal will lie from a default judgment, and as to that the appeal must be dismissed. Liebling v. Borg (Sup.) 113 N. Y. Supp. 549. The defendant's sufficient statements set forth in affidavits used on his motion to open his default are not contradicted, and it appears that on the day set for trial his attorney could not attend at the call of the calendar. It appears from the affidavit submitted by plaintiff's attorney that, when the case was called for trial, the defendant still not answering, plaintiff moved to strike out the answer of defendant on the ground that it was frivolous, so that no testimony was taken. This motion was granted and judgment given on the plaintiff's verified complaint in his favor, although the defendant had interposed a verified answer. This was error. There is no power given to the Municipal Court to strike out pleadings as frivolous or to give judgment on the pleadings under section 547, Code Civ. Proc., added by Laws 1908, p. 462, c. 166. The chapter of the Code containing these provisions is applicable to courts of record only. Section 3347, subd. 4. Neither did the court below have power to impose $10 costs upon the denial of the motion to open the default. Klotz v. Frolich (Sup.) 108 N. Y. Supp. 1023.

Appeal from judgment dismissed. Order denying motion to open default reversed, default opened, and new trial ordered, with costs to appellant to abide the event