## MAUNE v. UNITY PRESS.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—PROCEDURE—JUDGMENT ON PLEADINGS—STATUTORY PROVISIONS.

   Code Civ. Proc. § 3347, subd. 4, provides that the whole of chapter 6 applies only to an action commenced on or after September 1, 1877, in the Supreme Court, the City Court of New York, or a County Court. Section 547 of such chapter provides that, if either party is entitled to judgment upon the pleadings, the court may, upon motion at any time after issue joined, give judgment accordingly. On April 14, 1902, the Municipal Court act (Laws 1902, c. 580) went into effect; section 20 providing that the provisions of the Code of Civil Procedure shall apply to the Municipal Court so far as applicable. Six years thereafter section 547 was enacted becoming operative September 1, 1908. *Held*, that section 547 applies to the Municipal Court.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

2. MASTER AND SERVANT (§ 70*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.

   A contract provided that plaintiff should become defendant's general manager, his salary to be at the rate of $100 per week, payable not more than $50 in cash; the balance, being the difference between the whole amount paid in cash and the total amount of wages at $100 per week, to be paid by issuing to him shares of stock in defendant company, the number of shares at no time to exceed 100 at the par value of $100. *Held*, that plaintiff was entitled to $100 a week for his services during the entire time, and that until he became entitled to receive stock at the value of $10,000 such compensation was to be paid $50 in cash and $50 in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stock each week, and after he received the stock to which he was entitled the salary was to be $100 a week in cash.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 82–86; Dec. Dig. § 70.*]

Appeal from Municipal Court, Borough of Queens, Second District.

Action by Oswald Maune against the Unity Press. From a Municipal Court judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Cromwell G. Macy, for appellant.

Charles E. Hotchkiss (W. MacFarland Lord, on the brief), for respondent.

RICH, J. The plaintiff appeals from a judgment of the Municipal Court, dismissing his complaint upon the merits, and in favor of the defendant for $500 damages, upon an alleged counterclaim, in an action brought to recover a balance averred to be due the plaintiff for his services as general manager of the defendant. No evidence was given upon the trial. The defendant first moved to dismiss the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. This motion was·granted, and counsel for plaintiff excepted. The defendant then moved, "on the bill of particulars and on the pleadings, for judgment on the counterclaim for $500, the extent of the jurisdiction of this court"; the court saying:

"Motion granted. Judgment on the pleadings and on the counterclaim is granted to the extent of $500 in favor of the defendant against the plaintiff."

To this ruling the plaintiff excepted.

It is contended by the learned counsel for the respondent that the ruling of the court is justified by the provisions of section 249 of the Municipal Court act (Laws 1902, c. 580), and section 547 of the Code of Civil Procedure. The latter section provides that:

"If either party is entitled to judgment upon the pleadings, the court may upon motion at any time after issue joined give judgment accordingly."

This section is a portion of chapter 6 of title 2, and was inserted in such chapter by chapter 166 of the Laws of 1908. Subdivision 4 of section 3347 provides that the whole of chapter 6 applies only to an action commenced on or after September 1, 1877, in the Supreme Court, the City Court of New York, or a County Court. At the time this subdivision became operative, and at the time of the last amendment of the section of which it forms part, in any manner affecting its provisions, section 547 did not exist. On April 14, 1902, the Municipal Court act became an operative law, section 20 providing that the provisions of the Code of Civil Procedure shall apply to the Municipal Court, as far as the same can be made applicable; and six years thereafter section 547 was enacted, added to chapter 6, becoming operative on September 1, 1908. I think that the provisions of section 547 are properly applicable.to the Municipal Court.

The plaintiff's cause of action rests upon a contract evidenced by a resolution duly adopted by the defendant, alleged in full in the complaint and admitted by the defendant. It is further alleged, and not denied, that under such contract the plaintiff entered upon the discharge of his duties on April 17, 1905, and continued in defendant's employ until November 13, 1909, a period of 238 weeks, during which time he was paid by the defendant $23,362.01. No claim was made by either party that the contract is ambiguous, or required any oral testimony to explain its provisions; and the only question before the trial court was one of law arising upon the pleadings. The procedure of the trial court was right, but the conclusion reached and construction given the contract were wrong.

The resolution, upon the provisions of which the plaintiff's cause of action rests, is as follows:

"On motion duly adopted, Oswald Maune was appointed general manager of Unity Press, and a contract authorized to be entered into between Oswald Maune and Unity Press which should contain the following conditions: That the said Oswald Maune shall agree to enter the services of Unity Press as general manager, and promise faithfully, honestly, and diligently to give and devote his time and labor exclusively to Unity Press for the space of 10 years from April 19, 1905. In consideration whereof the said Unity Press shall agree to allow and pay said Oswald Maune at the rate of one hundred ($100) dollars per week, and payable as follows, to wit: Not more than fifty ($50) dollars per week in cash. The balance remaining due and unpaid, being the difference between the whole amount paid in cash on account of wages and the total amount of wages at one hundred ($100) dollars per week for the number of weeks that he shall have faithfully and truthfully performed the duties of manager, shall be paid by issuing to him in his name shares of the common stock of the company as the sum so due and unpaid will purchase at one hundred ($100) dollars per share. The number of shares so issued shall at no time exceed 100. That if Oswald Maune or Unity Press refuse, neglect, or fail to faithfully and truthfully perform any condition or conditions of this agreement that it shall cease to be binding upon either party thereto."

It is the contention of the defendant that, as soon as the 100 shares of stock had been earned by plaintiff, his compensation for services rendered thereafter was thereby reduced to $50 per week. This contention I believe to be without merit. The ruling was erroneous, and not warranted by the resolution. The contract plainly evidences the intent of the parties. It provides in effect that plaintiff should be paid the sum of $100 per week for his services during the entire time; that until such time as plaintiff became entitled to receive stock of the value of $10,000 such compensation should be paid $50 in cash and $50 in stock per week, and from and after the time when such stock allowance equaled the par value of the stock to which plaintiff's right of acquisition was limited by the contract he was entitled to receive and he paid weekly compensation of $100 in cash. That this was the construction given by the parties themselves is apparent from the fact that the defendant paid plaintiff during the time he served as its general manager at the rate of $100 per week, with the exception of the $437.99 he seeks to recover in this action.

It follows that the judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur.