### MAUNE v. UNITY PRESS.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

1. CORPORATIONS (§ 513*)—ACTIONS—PLEADING—ADMISSIONS.

In an action against a corporation for services rendered pursuant to a resolution of the corporation, the admission of defendant that the resolution was "duly adopted" disposed of a contention of defendant that it was invalid because a certain director did not vote for it.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 513.*]

2. EVIDENCE (§ 461*)—PAROL EVIDENCE.

A resolution adopted by a corporation appointed plaintiff its general manager under a contract for a term of 10 years, and provided that he should receive $100 per week "payable as follows: Not more than $50 per week in cash; the balance remaining unpaid, being the difference between the whole amount paid in cash and the total amount of wages at $100 per week, shall be paid by issuing to him as many shares of stock as the sum so due will purchase at $100 per share. The number of shares so issued shall at no time exceed 100." *Held*, in an action for compensation under the contract, that evidence was not admissible to show that some of the directors thought that the contract provided for $50 per week in cash and $50 in stock until $10,000 of stock had been earned and then $50 per week during the remainder of the term; there being no ambiguity in the contract.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2129; Dec. Dig. § 461.*]

3. FRAUDS, STATUTE OF (§ 103*)—REQUISITES OF WRITING—CORPORATE RECORD.

Where a servant was employed for a term of 10 years by a corporation, and the resolution authorizing his employment was entered in the record of the corporation and signed by its president in an action by the servant for compensation, the statute of frauds was no defense.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 192–208; Dec. Dig. § 103.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Oswald Maune against the Unity Press. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

Herbert Barry, for appellant.
Cromwell G. Macy, for respondent.

WOODWARD, J. This action, originally brought in the Municipal Court to recover a balance of $437.99, alleged to be due under the terms of an employment of the plaintiff as general manager of the defendant company, has taken on complications which, while producing a voluminous record, has not materially altered the law or the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

facts as they were presented to this court on appeal. 139 App. Div. 740, 124 N. Y. Supp. 504. On that appeal a judgment on a counter-claim in behalf of the defendant was reversed, and the proper construction of the contract of employment was laid down. The case has been retried upon an amended answer, and the plaintiff has judgment for the amount of his claim; the defendant appealing to this court.

It is admitted by the pleadings that the following resolution was duly adopted by the defendant, and that the plaintiff entered into the employment and continued in such employment, under the terms and conditions of the resolution, for a period of 238 weeks, and no question seems to be raised as to the character of the services rendered. The admission of the defendant that the resolution was "duly adopted" effectually disposes of one of the contentions of the defendant that it was invalid because the vote of the plaintiff as a director was necessary to its adoption, for that which is "duly" done is in legal parlance done according to law, and this does not relate to form merely, but includes both form and substance. Brownell v. Town of Greenwich, 114 N. Y. 518, 527, 22 N. E. 24, 4 L. R. A. 685, and authorities there cited. The resolution reads as follows:

"On motion duly adopted Oswald Maune was appointed general manager of Unity Press and a contract authorized to be entered into between Oswald Maune and Unity Press which should contain the following conditions: That the said Oswald Maune shall agree to enter the services of Unity Press as general manager and promise faithfully, honestly and diligently to give and devote his time and labor exclusively to Unity Press for the space of ten years from April 19, 1905. In consideration whereof the said Unity Press shall agree to allow and pay said Oswald Maune at the rate of one hundred (100) dollars per week and payable as follows, to wit: Not more than fifty (50) dollars per week in cash; the balance remaining due and unpaid, being the difference between the whole amount paid in cash on account of wages and the total amount of wages at $100 per week for the number of weeks that he shall have faithfully and truthfully performed the duties of manager, shall be paid by issuing to him in his name as many shares of the common stock of the company as the sum so due and unpaid will purchase at one hundred (100) dollars per share. The number of shares so issued shall at no time exceed one hundred. That if Oswald Maune or Unity Press refuse, neglect or fail to faithfully and truthfully perform any condition or conditions of this agreement that it shall cease to be binding upon either party thereto."

We held on the former appeal that the true construction of this contract or agreement was that the plaintiff was entitled to $100 per week during the entire time, and that until he had received stock of the par value of $10,000 he was entitled to $50 per week in cash and $50 per week in stock, and from that time forward $100 per week. In the course of the opinion it was suggested that no "claim was made by either party that the contract is ambiguous, or required any oral testimony to explain its provisions" (Maune v. Unity Press, 139 App. Div. 740, 742, 124 N. Y. Supp. 504, 506), and the effort was made by amendment to the pleadings, and alleging ambiguity in the agreement, to get a different construction to the resolution. Under the amended pleadings evidence was submitted tending to show that some of the defendant's directors at the time had a different idea of the provisions of the contract than those expressed; that they thought it provided for $50 per week in cash, and $50 per week in stock, until $10,000

of stock had been earned, and then $50 per week during the remainder of the term. The plaintiff, however, denied this; denied that he had any such understanding, or that the resolution was intended to express any such agreement, and the Municipal Court has found in his favor upon the facts, and it would seem that this should be conclusive in this case.

An "ambiguity" is the effect of words where they have either no definite sense or a double sense. 2 Am. & Eng. Ency. of Law, 287. Surely there is no lack of definiteness in any of the words used in the resolution quoted above, nor are there any words which can be used in any double sense. The agreement was that the plaintiff should enter the employ of the defendant for a period of 10 years, and the defendant agreed to "allow and pay said Oswald Maune at the rate of one hundred (100) dollars per week and payable as follows." Clearly there was no ambiguity here. There was an employment for 10 years at the rate of $100 per week. Then there was the method of payment of this $100 per week, which was that:

"Not more than fifty (50) dollars per week in cash; the balance remaining due and unpaid, being the difference between the whole amount paid in cash on account of wages and the total amount of wages at $100 per week for the number of weeks that he shall have faithfully and truthfully performed the duties of manager, shall be paid by issuing to him in his name as many shares of the common stock of the company as the sum so due and unpaid will purchase at one hundred (100) dollars per share. The number of shares so issued shall at no time exceed one hundred."

Where is the ambiguity here? A contract for 10 years at $100 per week, payments to be made in sums of $50 per week or less in cash, with $50 per week or more to be paid for in stock up to the extent of $10,000, and limited to that figure. It is difficult to understand how language could be clearer or more definite. The difficulty with the language is that it is too plain, and what the defendant seeks is, not the construction of the language as it is, but the remodeling of the agreement; it asks to have the agreement reformed, so that it shall provide for a 10 years' contract, at $100 per week until $10,000 of the stock has been paid for at $50 per week or more, and then to reduce the compensation to $50 per week. The result of this would be that if the plaintiff only took out $25 per week in cash, and paid $75 per week for his stock, he would be economizing in his expenditures for the purpose of the sooner reducing his compensation. It is to be noted that there is no provision in the contract for paying any other sum than $100 per week. The provisions in reference to $50 simply fix a limit beyond which the cash payments shall not go during the time the plaintiff is paying for his $10,000 worth of the stock, but the sum drawn may be less than $50 per week, and his payments on his stock may be more than $50 per week, so that, unless the contract provides for the payment of $100 per week during the entire time, there is no agreement on the part of the defendant to pay any definite sum. It nowhere agrees to pay $50 per week to the plaintiff, but it does specifically agree to pay at the rate of $100 per week, and simply limits the cash payments to not more than $50 per week during the time that the plaintiff is engaged in paying for $10,-

000 of the stock. The language used is incapable of any other construction under any known rule, and, unless we are prepared to say that we can add to the resolution of a private corporation, by parol evidence, conditions which are not expressed in such resolution, for the purpose of making a new contract between the plaintiff, who has performed his duties in reliance upon such resolution. and the defendant, this appeal must fail. We are of the opinion that the defendant was entitled merely to have the agreement construed in the light of the circumstances surrounding its making. That is a rule of interpretation merely, and does not permit the making of a new contract, or a reformation of it, or a disregard of its terms. It authorizes only a just construction of those terms and a fair inference as to the common understanding of both the contracting parties. Clark v. Woodruff, 83 N. Y. 518, 522, and authorities there cited.

It is suggested that in some way the statute of frauds is involved; that the plaintiff never entered into the agreement which was outlined in the resolution to which reference has been made; and that as the contract was not to be performed within one year it was necessary that a memorandum of such agreement should be made in writing, subscribed by the party to be charged. We are of the opinion that the contention is without force. Where one, acting on the faith of a promise, performs the condition upon which the promise was made, the promise attaches to the consideration so performed, and renders the promisor liable. After the promisor has had the benefit of the consideration for which he bargained, it is no defense to say that the promisee was not bound by the contract to do the act. White v. Baxter, 71 N. Y. 254, 260, and authorities there cited. The plaintiff in this case, relying upon the promise of the defendant to pay him $100 per week, entered upon the discharge of his duties and performed them in good faith, so far as the record shows, until he was discharged from the employment, as he might be under the terms of that agreement without liability probably, for it makes default in either party a condition on which the contract may be avoided. To say that he may now be defeated in an action to recover a balance due him because there was no contract evidenced by a writing is to say that the statute of frauds may be invoked to perpetrate fraud, and this is never permitted. But the resolution adopted by the defendant was entered in the records of the corporation and signed by its president. It was the party to be charged with the payment of the plaintiff's salary, and the authorities are agreed in holding that such a record, thus signed, is sufficient to hold the party under the statute. Argus Co. v. Mayor, etc., of Albany, 55 N. Y. 495, 501, 14 Am. Rep. 296, and authorities there cited; McManus v. Boston, 171 Mass. 152, 155, 50 N. E. 607, and authorities there cited. In the latter case the broad rule is asserted that:

"The recorded vote of a corporation, or of a committee acting upon a subject over which the committee has power, is a sufficient memorandum within the meaning of the statute of frauds."

The defendant having, in so far as it is concerned, made a memorandum of its resolution offering the employment to the plaintiff,

and such resolution being signed by one of its officers, there is a compliance with the statute in so far as the party charged by the agreement is involved, and, the plaintiff having fully performed, he is entitled to the judgment which he has secured.

The judgment appealed from should be affirmed, with costs. All concur.