CURRY v. FOX.

(Supreme Court, Appellate Term.    February 8, 1912.)

1. LANDLORD AND TENANT (§ 190*)—LIABILITY FOR RENT—EFFECT OF EVICTION.

A partial eviction is not a defense to an action for rent which had accrued before the eviction took place.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765–769; Dec. Dig. § 190.*]

2. LANDLORD AND TENANT (§ 223*)—ACTION FOR RENT—PARTIAL EVICTION AS COUNTERCLAIM.

The eviction of a tenant from a portion of the demised premises is a proper subject of a counterclaim in an action for rent, since it is a violation of the covenant of quiet enjoyment implied in the lease, and therefore arises out of the same contract or transaction as that set forth in the complaint as the basis of plaintiff's cause of action.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 885–893; Dec. Dig. § 223.*]

3. PLEADING (§ 345*)—MOTION FOR JUDGMENT—EFFECT OF COUNTERCLAIM.

A judgment for plaintiff on the pleadings is improper, where the answer contains a valid counterclaim.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1057; Dec. Dig. § 345.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Edmond J. Curry against Charles L. Fox. From a judgment for plaintiff on the pleadings, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Barnett & Jablow (Ralph Barnett, of counsel), for appellant.

M. J. Scanlan, for respondent.

SEABURY, J. This action is brought to recover for rent alleged to be due and payable on October 1, 1911. The answer pleads as a defense and as a counterclaim facts which, if true, constitute an actual partial eviction.

At the opening of the trial the plaintiff moved for judgment on the pleadings. No motion to amend the pleadings was made by the defendant, and the court granted the motion for judgment on the pleadings. The motion for judgment was made under section 547 of the Code of Civil Procedure. Apart from the question as to whether or not such a motion could properly be made in the Municipal Court (see Maune v. Unity Press, 139 App. Div. 740, 124 N. Y. Supp. 504), we are of the opinion that the judgment appealed from should be reversed.

[1] In so far as the facts alleged in the answer were pleaded as a defense to the action, they were properly held to be insufficient by the learned court below. The alleged actual partial eviction did not take place until the rent sued for had become due and payable. These facts could not, therefore, be pleaded as a defense to the cause of

action alleged in the complaint. Gugel v. Isaacs, 21 App. Div. 503, 48 N. Y. Supp. 594; Stein v. Rice, 23 Misc. Rep. 348, 51 N. Y. Supp. 320; Fuller Company v. Manhattan Construction Company, 44 Misc. Rep. 219,. 88 N. Y. Supp. 1049.

[2] The covenant of quiet enjoyment is by implication contained in the lease. Mayor v. Mabie, 13 N. Y. 151, 64 Am. Dec. 538; Wells v. Caro, 131 N. Y. Supp. 573. The partial eviction of the defendant by the plaintiff was a violation of this covenant, which gave rise to an independent cause of action on the part of the tenant. It was, therefore, a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, and consequently was the proper subject of a counterclaim in this action. Code of Civil Procedure, § 501, subd. 1; Mayor v. Mabie, 13 N. Y. 151, 64 Am. Dec. 538; Zbarazer Realty Co. v. Brandstein, 61 Misc. Rep. 623, 625, 113 N. Y. Supp. 1078; O'Gorman v. Hardy, 18 Misc. Rep. 228, 230, 41 N. Y. Supp. 521.

[3] As the counterclaim was properly pleaded, it was error for the court below to disregard it and award judgment for the plaintiff, without according the defendant an opportunity to prove the facts alleged in the counterclaim.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.