(78 Misc. Rep. 512.)

SCRANTON-LEHIGH COAL CO. v. HENRY HETKIN & CO.

(Supreme Court, Appellate Term, Second Department. December 13, 1912.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DIRECTING JUDGMENT ON PLEADINGS.

The Municipal Court of the City of New York has power to direct judgment on pleadings.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

2. COURTS (§ 189*)—MUNICIPAL COURT—ANSWER—ISSUES.

Where the verified complaint in an action in the Municipal Court against a domestic corporation alleged a sale and delivery by plaintiff

to the corporation of merchandise of a reasonable value and at an agreed price stated, an answer denying knowledge or information sufficient to form a belief, verified by the treasurer of the corporation, was good, within Municipal Court Act (Consol. Laws 1902, c. 580) §§ 163, 164, providing that an allegation that a party has not sufficient knowledge or information to form a belief shall be regarded as an allegation that the person verifying the pleading has not such knowledge or information, and that, where the party is a domestic corporation, the verification shall be by an officer, and a judgment for plaintiff on the pleadings was erroneous.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the Scranton-Lehigh Coal Company against Henry Hetkin & Co. From a judgment on the pleadings, and from an order denying a motion by defendants for leave to plead over to the complaint, they appeal. Judgment reversed, and order affirmed.

Argued December term, 1912, before MADDOX, BLACKMAR, and PUTNAM, JJ.

Thomas A. Gallagher, of Brooklyn, for appellants.

Parker, Davis, Wagner & Walton, of New York City (N. Raymond Heater, of New York City, of counsel), for respondent.

PER CURIAM. This is an appeal from a judgment directed on the pleadings and from an order denying a motion made by said defendant for leave to plead over to said complaint.

[1] The appellant claims that the Municipal Court had no authority to grant a motion to direct judgment on the pleadings, citing Martin v. Lefkowitz, 62 Misc. Rep. 490, 115 N. Y. Supp. 64, and the defendant acquiesces in this proposition. But the case of Maune v. Unity Press, 139 App. Div. 740, 124 N. Y. Supp. 504, settled the law that the court has power to direct such judgment. It is therefore necessary to decide whether the judgment was properly directed.

[2] The complaint, which was verified, in the third paragraph alleges that the plaintiff, at the request of defendant, sold and delivered to defendant certain merchandise, of the reasonable value and at the agreed price of $271. The verified answer denies knowledge or information sufficient to form a belief as to these allegations. The question is whether such an answer raises an issue. It has been held that, when a complaint alleges personal transactions with a defendant or matters of public record, such a denial is not permissible. City of New York v. Matthews, 180 N. Y. 41, 72 N. E. 629; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151; Preston v. Cuneo, 140 App. Div. 144, 124 N. Y. Supp. 1031; Stone v. Auerbach, 133 App. Div. 75, 117 N. Y. Supp. 734; Borough Construction Company v. New York, 131 App. Div. 278, 115 N. Y. Supp. 697.

"An allegation that the party has not sufficient knowledge or information to form a belief with respect to a matter must, for the same purpose"—i. e., for all purposes, including a criminal prosecution—"be regarded as an allega-

tion that the person verifying the pleading has not such knowledge or information." Section 163, Municipal Court Act (Consol. Laws 1902, c. 580).
"Where the party is a domestic corporation, the verification must be made by an officer thereof." Section 164, Municipal Court Act.

It follows, therefore, that, whenever an officer of a corporation may deny knowledge or information, a corporation may so plead. The defendant here is a domestic corporation, and the answer was verified by its treasurer. The matters alleged in the complaint are not matters of public record; neither does it appear that they were personal transactions with the treasurer. For all that appears, the treasurer may therefore truthfully verify such a pleading; and, if so, the defendant may so plead. The answer is therefore good.

Judgment reversed, with costs, and the order affirmed.