(160 App. Div. 778)

### MAUNE v. UNITY PRESS.

(Supreme Court, Appellate Division, Second Department. February 27, 1914.)

MASTER AND SERVANT (§ 30*)—EMPLOYMENT CONTRACT—CONSTRUCTION.

> Where a person was employed as general manager of a company pursuant to a resolution specifying that the employment should be for 10 years, and that in case either party should "neglect or fail to faithfully and truthfully perform * * * it will cease to be binding upon either party hereto," the clause quoted was merely declaratory of the right of the party not in default, as against the one defaulting, and did not give the employer the right to arbitrarily discharge the employé.

> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 30–36; Dec. Dig. § 30.*]

Appeal from Special Term, Kings County.

Action by Oswald Maune against the Unity Press. From an order directing judgment on the pleadings and dismissing amended complaint, and from the judgment thereon, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

Cromwell G. Macy, of New York City, for appellant.
Charles K. Allen, of New York City, for respondent.

STAPLETON, J. The appeal is from an order directing a judgment on the pleadings in favor of the defendant, dismissing the plaintiff's amended complaint and the judgment entered thereon. The pleadings are an amended complaint and an answer. In the state of the pleadings the sufficiency of the amended complaint is the sole subject of investigation.

The action is to recover damages from an employer for the wrongful discharge of an employé, who asserts he has a contract for a fixed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

term, with specified compensation. In an action brought to recover for wages due the employé under that contract at the time of his discharge, the existence of a valid contract of employment was judicially recognized, its provisions considered, and its effect determined so far as necessary for the disposition of that case by this court. Maune v. Unity Press, 139 App. Div. 740, 124 N. Y. Supp. 504; s. c., 143 App. Div. 94, 127 N. Y. Supp. 1002.

There is in the complaint an allegation that the defendant, by its proper officers, employed the plaintiff pursuant to the following written resolution:

"On motion duly adopted Oswald Maune was appointed general manager of Unity Press and a contract authorized to be entered into between Oswald Maune and Unity Press which should contain the following conditions. That the said Oswald Maune shall agree to enter the services of Unity Press as general manager and promise faithfully, honestly and diligently to give and devote his time and labor exclusively to Unity Press for the space of ten years from April 19th, 1905. In consideration whereof the said Unity Press shall agree to allow and pay said Oswald Maune at the rate of one hundred ($100) dollars per week and payable as follows, to wit: Not more than fifty ($50.00) dollars per week in cash; the balance remaining due and unpaid being the difference between the whole amount paid in cash on account of wages and the total amount of wages at one hundred ($100) dollars per week for the number of weeks that he shall have faithfully and truthfully performed the duties of manager, shall be paid by issuing to him in his name as many shares of the common stock of the company as the sum so due and unpaid will purchase at one hundred ($100) dollars per share. The number of shares so issued shall at no time exceed one hundred; that if Oswald Maune or Unity Press refuse, neglect or fail to faithfully and truthfully perform any condition or conditions of this agreement that it shall cease to be binding upon either party hereto."

The complaint alleges faithful and full performance on plaintiff's part up to the time of discharge, and discharge without cause before the expiration of the term of employment.

The dismissal of plaintiff's complaint is predicated upon the assumption that a provision in the resolution had the effect of making the employment terminable at the will of either party, and that therefore no breach is alleged, and no cause of action is stated. These are the words:

"That if Oswald Maune or Unity Press refuse, neglect or fail to faithfully and truthfully perform any condition or conditions of this agreement that it shall cease to be binding upon either party hereto."

An indulgence in the assumption was doubtless encouraged by the following remark by the writer of the opinion in Maune v. Unity Press, 143 App. Div. 94, 98, 127 N. Y. Supp. 1002, 1005:

"The plaintiff in this case, relying upon the promise of the defendant to pay him $100 per week, entered upon the discharge of his duties and performed them in good faith, so far as the record shows, until he was discharged from the employment, as he might be under the terms of that agreement without liability probably, for it makes default in either party a condition on which the contract may be avoided."

The statement was clearly unnecessary to a decision of that case, and must be considered as obiter dictum.

The literal meaning of the clause quoted from the complaint, considered apart from the entire resolution, would probably bear the interpretation placed upon it by the learned court at Special Term. We are, however, of the opinion that a less harsh and more reasonable construction of that clause, and one more likely to give effect to the intent of the parties, is to read it rather as declaratory of the right of the party not in default as against the one defaulting than destructive of the fixed term which the parties by precise words exactly prescribed.

It is unlikely that parties should, in words clearly expressive of a design to fix a long term of employment and service, agree in the same instrument to make it terminable at the will of either. Such a design should not be frustrated by giving a strict and rigid meaning to general words or expressions without regard to the context, the purposes expressed, and the inherent nature of the contract, particularly at the instance of the author of the instrument responsible for language wholly its own. Gillet v. Bank of America, 160 N. Y. 549, 55 N. E. 292. I advise a reversal.

Judgment and order reversed, with costs, and motion for judgment on the pleadings denied, with $10 costs. All concur.