THOMAS A. O'BRIEN, Plaintiff, *v.* LEWIS O'NEIL, Defendant.

Supreme Court, Livingston County, March 7, 1928.

**Pleadings — counterclaim — action for rent — counterclaim for tort in cutting fence permitting cattle to trespass dismissed — Civil Practice Act, § 266, applied.**

In an action for rent due under a lease between plaintiff and defendant the defendant may not interpose a counterclaim consisting of an alleged cause of action for tort in cutting a fence so as to allow cattle to trespass upon defendant's lands since it does not arise out of the transaction upon which plaintiff's cause of action is based.

Section 266 of the Civil Practice Act still requires that causes of action in a complaint and answer must arise out of the same transaction or be connected with the subject of the action.

MOTION by the plaintiff to dismiss a counterclaim.

*Remington, Remington & Keating,* for the plaintiff.

*Crane & Stedman,* for the defendant.

RODENBECK, J.   The defendant in his counterclaim is not seeking to recover damages for any breach of the covenant for quiet enjoyment, but for an independent tort of the plaintiff in cutting a fence permitting cattle to trespass.   The defendant has not been evicted from any part of the premises which he leased from the plaintiff, and the counterclaim does not arise out of the transaction upon which plaintiff's cause of action is based, nor is it connected with the subject of the action.   No rule can be laid down which is an invariable test in all cases.   A good guide, however, is whether or not proof of either cause of action necessarily involves an inquiry concerning the same transaction.   It is obvious that in this case no such thing would occur.   Proof of plaintiff's cause of action would not involve the trespass set up in the counterclaim, and proof of the trespass would not involve the rent due.   The rule set forth in the Civil Practice Act is a reciprocal one, and a counterclaim is not properly pleaded if, in an independent action thereon, the plaintiff's cause of action could not be set up.   If the defendant in this case had sued on the trespass, a counterclaim for rent would hardly be considered a proper counterclaim.   (*Adams* v. *Schwartz,* 137 App. Div. 230; *Boreel* v. *Lawton,* 90 N. Y. 293; *Fifth Ave. Building Co.* v. *Kernochan,* 221 id. 370; *Fuller Co.* v. *Manhattan Construction Co.,* 44 Misc. 219; *Faber* v. *Phillips,* 26 id. 723.)

These questions as to the propriety of a counterclaim will continue to arise until the profession has the courage to urge the enactment of provisions allowing parties to set up any cause of action that they may have against each other, leaving it to the

43

court to say whether the causes of action can be tried together or should be separately tried. (See Civ. Prac. Act Notes, report of Board of Stat. Consol. [1915] note 17 [§ 19]; English Practice Rules, Ord. 18, R. 1, Ord. 19, R. 3; Practice Act N. J. [1912] §§ 11, 12; U. S. Equity Practice, 26, 30.) The courts have not yet adopted the rule that a counterclaim may be set up when " it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation; and that the claim of the one should be offset against, or applied upon, the claim of the other." (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552.) The section of the Civil Practice Act requiring that the causes of action in the complaint and answer must arise out of the same transaction, or be connected with the subject of the action, still controls. (Civ. Prac. Act, § 266; *Rothschild* v. *Whitman*, 132 N. Y. 472.)

Counterclaim dismissed, and defendant remanded to a separate action thereon.

So ordered.