HOUSTON VARICK OPERATING CORPORATION, Landlord, *v.* 206–208 VARICK STREET CORPORATION, Tenant.

Municipal Court of New York, Borough of Manhattan, First District, January 25, 1932.

*Glasser & Neumark* [*Meyer Kraushaar* of counsel], for the landlord.

*Benjamin Hartstein,* for the tenant.

WILSON, J.  This is a summary proceeding for possession because of the tenant's failure to pay $729.16 rent for the month of November, 1931.  The execution of the lease, assignment and the possession of the premises by tenant are conceded.  As a defense and counterclaim, defendant claims that the landlord converted $4,500 deposited with him as security, claiming said deposit to be a trust fund.  As a further defense and counterclaim, the defendant states that there is a violation of the covenant in the lease that he is to occupy peacefully and enjoy the premises by virtue of a notice which the landlord on November 30, 1931, sent to the subtenants directing them not to pay rent to the tenant, and that thereby the landlord had taken possession of the premises and as a consequence the tenant was damaged in the amount of $562.50.  The tenant further pleads eviction, and that he vacated the premises and returned possession thereof to the landlord by virtue of facts alleged.

The language of paragraph 31 of the lease is, in so far as it is pertinent here, as follows: " The lessee has deposited with the lessor the sum of Forty-five Hundred Dollars ($4,500) in cash, the receipt whereof is hereby acknowledged, for the faithful compliance and performance by the lessee of — * * *; said security to bear interest at the rate of four per cent per annum * * * unless there be an existing breach and /or default by the lessee, said security is to be returned to lessee by lessor at the rate of $650 a year beginning December 1st, 1945, and continuing in December, 1946, 1947, 1948, 1949 and 1950, and the balance, the sum of $600, on December 1st, 1951.  * * * "

In paragraph 33 we read: " To secure to the lessee the repayment in accordance with the terms, covenants and conditions hereof, of the security moneys in the sum of $4,500 and interest deposited hereunder by the lessee with the lessor, and /or of the cash which may be deposited in lieu of the bond as provided for in paragraph Thirty-first hereof, the lessor does hereby grant, declare and agree that the lessee may have and hold the premises above described as security for its said lien as herein declared and limited. * * * "

In addition to the above, the landlord, through its officers and directors, Mr. and Mrs. Lieberman, have guaranteed the repayment of the fund.

It seems quite obvious from the above that the security was not to be held as a trust fund, but more particularly in the establishment

of the relationship of debtor and creditor, and that there was no conversion.

But aside from and in addition to the foregoing, the evidence shows that the tenant knew that the security moneys were to be paid out for brokerage and other expenses. (See *Frost* v. *Paulster Realty Corporation*, 138 Misc. 597.)

The case of *Matter of Atlas* (217 App. Div. 38) is clearly distinguishable from this, in that under the terms of that lease the security was to be held (in escrow), and the court held it to be in trust. In this case the very wording of the lease, where it gives a lien upon the land, and in addition thereto there is a personal guaranty of the return of the deposit, together with the evidence adduced herein, indicates that the security was not to be kept in a separate and distinct fund by itself.

As to the claim of eviction by the sending of notice on November 30, 1931, by the landlord to the subtenants not to pay rent to the tenant, was not a breach of the covenant of quiet enjoyment, as the act did not take place until after the rent became due. (See *Fuller Co.* v. *Manhattan Construction Co.*, 44 Misc. 219; *Gugel* v. *Isaacs*, 21 App. Div. 504.)

Counterclaim dismissed and final order directed for the landlord. Five days' stay.