LESTER E. HARBATER, Plaintiff, *v.* CONGREGATION BETH ISRAEL OF PORT WASHINGTON, INC., Defendant.

Supreme Court, Special Term, Queens County, January 21, 1953.

*I. Lewis Winokur* for plaintiff.

*Gettner, Simon & Asater* for defendant.

HALLINAN, J.  Motion by plaintiff for an examination of defendant before trial; cross motion by defendant for a dismissal of the complaint for legal insufficiency, or, in the alternative, for judgment on the pleadings.

Reduced to its simplest terms the complaint alleges an agreement between plaintiff and defendant whereby plaintiff was to receive a certain sum of money, in specified installments, for the cancellation and termination by the plaintiff of a subsisting contract of employment between him and the defendant and the breach of said agreement by the latter.

The cross motion to dismiss that complaint is based on three grounds: (1) that it alleges a unilateral contract calling for the performance of an act by plaintiff (*i.e.*, the execution and delivery of a release), not a promise, and does not allege that the act has been performed; (2) that the agreement, if viewed as an executory accord, is not stated to be in writing, as it is required to be by section 33-a of the Personal Property Law; and (3) that, in any event, the complaint is insufficient for failure to allege compliance with certain requirements of the Religious Corporations Law.

The statutory mandate is that pleadings must be liberally construed with a view to substantial justice between the parties (Civ. Prac. Act, § 275).  Furthermore, it is well settled that on a motion of this type all the material allegations of fact contained in the complaint and all reasonable inferences to be drawn therefrom must be taken as true.

So read, the complaint states facts sufficient to constitute a cause of action for breach of an executory accord (see Personal Property Law, § 33-a, subd. 3).  It may have been the inten-

tion of the parties that plaintiff execute and deliver a release as consideration for the promise of defendant to pay the $3,000, and not merely to promise to do so. The allegations contained in the complaint, however, do not compel that interpretation of the agreement. Indeed, it seems more reasonable to assume that plaintiff bound himself to execute such instrument only when defendant had performed (see 6 Williston on Contracts, [rev. ed.], p. 5203). In any event, the agreement alleged is reasonably susceptible of such a construction.

As to the contention that the complaint does not contain an allegation that the executory accord was in writing, suffice it to say that it is alleged in the sixth paragraph thereof " That the said offer was duly entered upon the minutes of the Defendant association," an allegation which, for pleading purposes, is sufficient to satisfy the statutory requirement of a writing (Personal Property Law, § 33-a, subd. 2; *De Vito* v. *City of Mechanicville,* 251 App. Div. 514, 516; *Maune* v. *Unity Press,* 143 App. Div. 94, 99).

The further contention is made that the complaint does not allege compliance with the Religious Corporations Law. It is alleged, however, in the sixth paragraph of the complaint, that the offer was made " at a meeting *duly* called and *duly* held in accordance with the Constitution and By-Laws of the association " (emphasis supplied). That " which is ' duly ' done is in legal parlance done according to law, and this does not relate to form merely, but includes both form and substance " (*Maune* v. *Unity Press, supra,* p. 95; see, also, *Lorillard* v. *Clyde,* 86 N. Y. 384).

The suggestion in defendant's memorandum of law that this action may be premature as to any installments which had not accrued at the time of the institution thereof is not, of course, an argument against the sufficiency of the complaint (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480; *Johnson* v. *Johnson,* 206 N. Y. 561, 568; *Towers Realty Corp.* v. *Fox,* 278 App. Div. 74).

Turning now to plaintiff's motion for an examination before trial, this court finds that the only objections interposed thereto (aside from the objection that the complaint does not state a cause of action) are that the supporting affidavit is made by the attorney for plaintiff and does not state the sources of his knowledge or information and that the order of this court dated December 4, 1952, which required plaintiff to post $250 as security for costs, has not been complied with. The reply affidavit submitted by plaintiff's attorney, however, satisfactorily sets forth the sources of his information and also states that a certi-

fied check in the required amount, payable to the County Clerk of Nassau County, has been mailed to said clerk. Accordingly, plaintiff's motion is granted. Books, papers and records pertinent to the items contained in the notice of motion will be produced on the examination and used in accordance with section 296 of the Civil Practice Act.

Submit order.