(5 Misc. Rep. 178.)

### In re PATTERSON'S ESTATE.

(Surrogate's Court, New York County. September, 1893.)

WILLS—INTEREST ON LEGACY.

Where probate of a will and letters testamentary thereon are revoked after some of the legacies have been paid, and a subsequent will, giving the same legacies, but naming different executors, is admitted to probate, and letters testamentary are issued to the executors named therein, the unpaid legacies bear interest after one year from the issue of letters to the executors named in the second will.

Claim for interest on a legacy under the will of John Patterson, deceased.

Robert Godson, for petitioner.
Henry Hoyt and Gumbleton & Hottenroth, for executors.

(5 Misc. Rep. 176.)

### In re MORAN'S ESTATE.

(Surrogate's Court, New York County. September, 1893.)

ADMINISTRATORS—APPOINTMENT—PREFERENCES.

Under Code Civil Proc. § 2660, (as amended by Laws 1893, c. 686,) subds. 5, 6, preferring brothers to sisters in appointing administrators, a

half-brother of a decedent will be appointed administrator in preference to a sister of the full blood; and subdivision 8, which provides that, as between several persons of the same degree of kindred, relatives of the whole blood shall be preferred to those of the half blood, does not apply to such case.

Application for letters of administration on the estate of Thomas Moran, deceased.

Goff & Pollock, for petitioner.
Thomas E. Pearsall, for contestant.

FITZGERALD, S.   The petitioner herein, who is a half-brother of intestate, asks for letters of administration.   A sister of the whole blood objects to petitioner's claim on the ground that she is entitled to letters, under the provision of the Code.   In the enumeration of the order in which parties are entitled to letters of administration, the Code (section 2660,[1] subds. 5,6) plainly and specially gives brothers a preference over sisters.   The general language contained in subdivision 8, which confers upon males of the same degree of kindred as females a prior right to letters over the latter, obviously could have no reference to the case of a preference between brothers and sisters, they having been previously provided for, unless such general language was used for the purpose of preserving such preference in just such a case as this.   Whether such language was so used or not, the result would be the same.   The statute says:

"If several persons of the same degree of kindred to the intestate are entitled to the administration, they must be preferred in the following order: First, men to women; second, relatives of the whole blood to those of the half blood; third, unmarried women to married."

The language here used is as definite and explicit to indicate an order of preference between the classes which it enumerates as is that in the previous part of the section to establish the preferences therein designated.   It therefore follows that the preference of men to women conferred by subdivision 8, if here applicable, recognizes and reasserts the priority prescribed by subdivisions 5 and 6.   I am of opinion, however, that the provision quoted has no application in this case, which is governed by subdivisions 5 and 6, but relates solely to cases where the persons are contained in the same classes of priority constituted by the other provisions of the section.   This construction harmonizes the different provisions of the statute, and removes any inconsistency that might seem to exist between the provision giving brothers a preference over sisters and that giving a preference to the whole blood over the half blood, by allowing the order of priority established in the previous part of the section to remain undisturbed, and limiting the application of the general language of the subsequent part in the manner above indicated. Application granted.

[1]As amended by Laws 1893, c. 686.