BIJUR, J. Plaintiffs sue upon a promissory note for $250; the defense being payment. Defendants exhibited receipts for the face value of the note; but, as to $200 of the money represented by the receipts, plaintiffs testify that it was paid on a prior indebtedness of defendants to plaintiffs. When defendants sought in rebuttal to show that the prior indebtedness had been entirely liquidated, all their proofs were rejected. The evidence was competent and material, and should have been admitted.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.

---

In re DUNHAM'S WILL. (No. 6574.)

(Supreme Court, Appellate Division, First Department. December 18, 1914.)

1. WILLS (§ 219*)—PROBATE—PRESENTATION.

An executor named in a will is entitled to present it for probate, and demand that it be admitted to probate on due proof of valid execution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 527–531; Dec. Dig. § 219.*]

2. EXECUTORS AND ADMINISTRATORS (§ 19*)—RENUNCIATION—RETRACTION.

Where one named as executor in a will attempted to renounce his appointment, and was granted leave to file objections to probate, his renunciation, which was not in accordance with Code Civ. Proc. § 2628, may be retracted.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 78–82; Dec. Dig. § 19.*]

3. EXECUTORS AND ADMINISTRATORS (§ 19*)—RENUNCIATION—RETRACTION.

One named as executor in a will petitioned for and was granted an order striking his name from the petition as one of those seeking probate, and was granted leave to file objections. A partial settlement was negotiated between the remaining executrix and some of the parties interested in the estate, one of whom was an infant. Such settlement contemplated that the will should be wholly disregarded. *Held* that, under Code Civ. Proc. § 2628, providing that a renunciation by an executor may be retracted by a like instrument at any time before letters testamentary or administration with the will annexed have been granted, the executor could retract his renunciation and petition for probate, as otherwise the will would not be given effect.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 78–82; Dec. Dig. § 19.*]

Appeal from Order of Surrogate, New York County.

In the matter of proving the last will and testament of Henry Poillon Dunham. From an order denying his motion for leave to withdraw objections to the probate of the will and to join in a petition for its probate, George L. Doty, named as executor, appeals. Order reversed, and motion granted.

See, also, 151 N. Y. Supp. ——.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Henry M. Earle, of New York City, for appellant.
John Willett, for respondent Bertha Dunham Myers.

---

LAUGHLIN, J.   The testator appointed the appellant and Henrietta V. Carll executor and executrix of his last will and testament, and they duly petitioned for the probate thereof on the 7th day of October, 1912.   On the 24th of January, 1913, the appellant applied, on the advice of counsel, to the Surrogate's Court for an order striking his name from the petition as one of the petitioners for the probate of the will, and for leave to file objections thereto.   The motion was granted, and the order was entered and filed accordingly on the 24th of March, 1913.   On the 1st of April, 1913, the appellant filed objections to the probate of the will, principally on the ground that the decedent left a prior will, and that the execution of the latter will was obtained by undue influence, and that it was doubtful whether the decedent was then of sound and disposing mind. It appears that appellant was unable to find the prior will, and that he has become satisfied that it was destroyed by or under the direction of the decedent prior to the execution of the later will, and that appellant is now convinced that the decedent was competent to make the later will, and that there was no fraud, undue influence, or duress practiced upon him.

An affidavit made by the widow of the decedent was read in opposition to the motion, showing that she filed objections to the probate of the will; that when the hearing was about to be brought on she and the executrix, who is the principal beneficiary under the will, arrived at an agreement by which the will was to be withdrawn from probate, and it was to be conceded that the decedent died intestate, and that letters of administration were to be issued to her, and she was to pay the principal beneficiary under the will the sum of $2,500; that this settlement was approved by the special guardian of the infant daughter of the executrix, who took an interest in the remainder under the will; that the change of attitude on the part of appellant was instigated by Thomas C. Dunham, a brother of the decedent, who is an intimate friend of the appellant, and whose purpose was to procure the co-operation of the appellant as such executor in the management of the corporation known as "Thomas C. Dunham, Incorporated," which was controlled by Dunham, but in which the decedent was a stockholder to the extent of 60 shares; that Dunham has entered into an agreement to share in the interest of the principal beneficiary under the will, and that the purpose of the application of the appellant was to defeat the settlement negotiated between the widow and the executrix and others; that the appellant has frequently admitted to her that the decedent lacked testamentary capacity, and that the will was executed through undue influence, and should not be admitted to probate, and that he expressed approval of said settlement; that the appellant has no interest under the will, except the bequest of a pair of cuff buttons, which she is willing he should receive, and that the decree appointing her administrator shall so provide.

It further appears by the affidavit of the executrix that she has agreed to withdraw her application for the probate of the will, and has effected a settlement with the parties in interest, including Dun-

ham, who contested the probate, other than the appellant; but Dunham denies that she has effected a settlement with him, and it appears that an infant was interested under the will, and it is not shown that the interests of the infant do not require the probate of the will.

[1-3] The learned surrogate doubtless denied the application on the theory that the appellant has not acted in good faith, and, while there is some evidence tending to sustain that view, it is not conclusive, and the appellant contends, in effect, that he is desirous of performing his moral duty to the decedent of endeavoring to have the will probated. The settlement which has been negotiated between the executrix and some of the parties in interest affords no justification for the denial of the motion. It appears that one of the parties in interest, at least, denies that he agreed to the settlement, and another appears to be, or to have been, an infant. The appellant, as an executor named in the will, was entitled to present it for probate, and to demand that it be probated, if the Surrogate's Court found on due proof that it was validly executed.

I am of opinion that the application should have been granted. The renunciation by the appellant was not executed as prescribed by section 2639 (now 2628) of the Code of Civil Procedure; but it cannot be *more* effective than if it had been so executed. That section provides that a person named as executor may renounce the appointment by executing and filing an instrument as therein prescribed, and that—

"such a renunciation may be retracted by a like instrument, at any time before letters testamentary, or letters of administration with the will annexed, have been issued to any other person in his place, or, after they have been so issued, if they have been revoked, or the person to whom they were issued has died, or become a lunatic, and there is no other acting executor or administrator. Where a retraction is so made, letters testamentary may, in the discretion of the surrogate, be issued to the person making it."

It was held in Matter of Baldwin, 27 App. Div. 506, 50 N. Y. Supp. 872, that this section confers discretionary power on the surrogate, and that the court on appeal will not interfere with this discretion, unless it appears to have been improperly exercised. For the purposes of this appeal, we may assume, without further considering the point, that to be the correct rule, and still the order cannot be sustained, for the proper exercise of judicial discretion, if there be any discretion, on these facts, required that the executor be permitted to revoke his withdrawal from the petition for probate. The Code provisions are mere statutory enactments of the common-law rule by which an executor had a right to withdraw or revoke a renunciation at any time *before* letters were issued, or at any time thereafter when the estate was without a lawful administrator. Matter of Suarez, 3 Dem. Sur. 164.; Robertson v. McGeoch, 11 Paige, 640; Codding v. Newman, 3 Thomp. & C. 364., No letters have been issued, and the will has not been admitted to probate in the case at bar, and it is manifest that the will will not be presented for probate, unless the appellant is permitted to withdraw his objections to the application for the probate thereof and to proceed with the application. It is not a question, therefore, as to who shall administer the estate, but whether the will of the testator is to be respected and given effect. The conduct of the

appellant in withdrawing from the probate proceedings and filing objections thereto, and in subsequently asking to be restored to his original position, is doubtless subject to criticism; but he is on the right tack now, and therefore the motion should have been granted.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion granted, without costs. All concur.