Matter of the Administration on the Estate of ELLEN McOWEN, Deceased.

(Surrogate's Court, Bronx County, January, 1921.)

Executors and administrators — when application for letters of administration granted — statutes — preference — Code Civ. Pro. §§ 2564, 2565, 2588(2).

A surrogate has no discretion to exclude a person declared by statute to be entitled to priority of appointment as administrator, except in cases where his disqualification is declared by the statute itself.

After the death of a wife intestate, her surviving husband died leaving a will by which he gave one-third of his estate to a son, one-third to a daughter, who favored the appointment of the son as administrator of the mother's estate, one-sixth to a daughter who favored the appointment of another daughter who was given one-sixth of the estate for life, with remainder to the son. The father's will is being contested

Surrogate's Court, Bronx County, January, 1921.  [Vol. 114.

by the daughter who petitions for letters of administration, and the daughter who favors such appointment. *Held,* that facts alleged against the son, who opposed the appointment of his sister as administratrix, not being such as are set forth in either section 2564 or 2565 of the Code of Civil Procedure as constituting disqualification to receive letters of administration or as conditions warranting a refusal to grant them to him, his application therefor will be granted and the application of the daughter denied, as, though both had an equal right of administration, under section 2588(2) men must be preferred to women.

·PROCEEDINGS for appointment of an administrator.

Francis X. Kelly, for petitioner.

Edward J. Flynn, Egan & O'Reilly, for respondents.

SCHULZ, S. On an application for letters of administration upon the estate of the decedent made by one of her daughters, a son opposes the appointment of the petitioner and asks that if administration is granted, letters issue to him. There are two other daughters of the deceased, one of whom favors the appointment of the son, and the other that of the petitioner or a trust company. Since the matter was submitted the son also has applied for his appointment as administrator and as the same facts are involved on both applications, I shall consider them together.

The right to the appointment of the administrator and the order of priority among the next of kin, is regulated by statute. Code Civ. Pro. § 2588; *Matter of D'Agostino,* 88 Misc. Rep. 371, 375. There being no surviving husband, the children of the decedent are next in order. Code Civ. Pro. § 2588, subd. 2. The section cited, however, also provides that: " If several

persons have an equal right to administration," men *must* be preferred to women so that it would follow that the son is entitled to letters in preference to the petitioning daughter (*Matter of Curser*, 89 N. Y. 401; *Matter of Moran*, 5 Misc. Rep. 176), unless the court upon the facts alleged by the petitioner has power to deprive him thereof and direct their issuance to another.

It appears that the husband of the decedent died after his wife and left a will by which he gave one-third of his estate to a son, one-third of his estate to the daughter who favors the son's appointment, one-sixth to the daughter who favors the petitioner's appointment, and one-sixth to the petitioner for life with remainder to the son. It is claimed by the son that it was understood by the family that the decedent had no personal or real property, and for that reason no application was made for administration upon her estate.

The petitioner urges that it is purposed to bring an action to set aside an assignment of mortgage for $7,000, presumed to have been made by the decedent to her husband on the ground of fraud; that there is an unrecorded mortgage or assignment of mortgage for the sum of $6,500 in the name of the decedent which the son if appointed would not claim as the property of the estate; that the petitioner has brought a suit for the partition of real estate claimed to be owned by the decedent to which all of the children are parties and in which the son and the daughter who favors his appointment have appeared and interposed answers denying all of the material allegations of the complaint; that it is to the personal interest of the son and of the daughter referred to, to increase the estate of their father and to diminish that of the mother and that such interest of the son would clash

with his interests as administrator which would be to increase the estate of the mother. It is apparent that the son would be personally benefited by an increase in the father's estate, assuming that the paper propounded as the father's will is admitted to probate.

The son, on the other hand, contends that if the daughter is appointed, she will, by a multiplicity of suits and entirely unnecessary litigation, cause great expense and injury to the estate.

The father's will is now being contested by the petitioner and the daughter who favors her appointment, and will be tried in February next. If it is not admitted to probate, many of the questions which are of importance now will no longer be necessary of solution. I cannot, however, take the responsibility of refusing letters of administration until that time, because matters may arise which would make immediate action by an administrator advisable.

Under the circumstances, I would deem it for the best interests of all concerned that neither the petitioner nor the son be appointed, and that letters issue to a trust company not connected in any way with either of them and which would have no interest in the controversy between them, except to see that the estate of the decedent was properly administered. Efforts to obtain the consent of the parties to such a disposition of the matter having been unsuccessful, it remains to be considered whether upon the facts stated, I have jurisdiction to decree it.

Section 2588 of the Code provides that: "Administration in case of intestacy must be granted to the persons entitled to take or share in the personal property, who are competent and will accept the same," etc. In section 2564 of the Code are enumerated the persons incompetent to receive letters of administration, etc., and in section 2565 are set forth the con-

ditions under which the surrogate may refuse letters. The facts alleged against the son are not such as are set forth in either of these sections as constituting disqualification to receive letters, or as conditions warranting their refusal. If, therefore, I refuse to issue letters to him, it must be upon the assumption that I have some discretion in the matter.

It has been consistently held, however, that a surrogate has no discretion to exclude a person declared by the statute to be entitled to a priority, except in cases where his disqualification is declared by the statute itself (*Coope* v. *Lowerre,* 1 Barb. Ch. 45; *O'Brien* v. *Neubert,* 3 Dem. 156; *Matter of Wilson,* 92 Hun, 318; *Matter of Campbell,* 123 App. Div. 212; affd., 192 N. Y. 312), and hence I am constrained to grant the application of the son and deny the application of the daughter. Settle decision and decree on notice at which time I will hear counsel upon the question of the amount of the bond which should be required.

Decreed accordingly.