In the Matter of the Estate of Julia R. Small, Deceased. James Gibb, as Executor of Julia R. Small, Deceased, et al., Appellants; B. Otto Jacobsen, as Ancillary Executor of Julia R. Small, Deceased, Respondent.— In a proceeding for revocation of ancillary letters testamentary, and the granting of such letters to appellant Schwartz and another, decree of the Surrogate's Court, Rockland County, entered after trial, denying the petition, affirmed, with costs to respondent, payable by appellants personally. No opinion. Adel, Wenzel and Schmidt, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to reverse the decree and to grant the petition, with the following memorandum: Appellants seek the removal of respondent as ancillary executor of the last will and testament of Julia Rhinelander Small, deceased, so that appellant Schwartz and another may be appointed in his place to prosecute in the courts of this State a claim asserted by the Small estate through its domiciliary executors for the recoupment of money heretofore paid to Frederick A. M. Schieffelin, a brother of deceased, Julia Small, upon the termination of trusts set up for the benefit of another sister, Helen Herbert. The payment to Mr. Schieffelin was consented to by respondent, who was then acting as committee of the person and one of the committee of the property of Mr. Schieffelin, as well as ancillary executor of Mrs. Small's will. Respondent is presently acting as one of the executors of the will of Mr. Schieffelin, now deceased. It is now asserted by appellants that of the money paid to Mr. Schieffelin, one half, amounting to about $100,000 should have been paid to the Small estate. We find in the record no evidence of fraud or misconduct on respondent's part, and agree with the learned Surrogate that there is no evidence that respondent has not heretofore been scrupulously fair in his dealings as between the Small and the Schieffelin estates. In view of the assertion of the present claim against the Schieffelin estate, however, he cannot be fair to either estate, if he continues to represent both. The persons upon whose behalf the claim against the Schieffelin estate is asserted, should be permitted to press their claim, through a representative who will have no adverse interest to protect. In the present controversy, the interests of the two estates are so adverse that respondent should not be permitted to act for the one, while representing the other.