In the Matter of the Accounting of BENJAMIN O. CHISOLM, as Surviving Trustee, and CENTRAL HANOVER BANK AND TRUST COMPANY et al., as Successor Trustees under the Will of MARY A. CHISOLM, Deceased. JAMES GIBB, as Executor of JULIA R. SMALL, Deceased, Appellant; B. OTTO JACOBSEN et al., Individually and as Committee of FREDERICK A. M. SCHIEFFELIN, an Incompetent Since Deceased, and as Executors of FREDERICK A. M. SCHIEFFELIN, Deceased, et al., Respondents.— In 1913, Mary Ann Chisolm died testate, a resident of Queens County, leaving $550,000 in trust for the life of her daughter, Mary F. Schieffelin, who died in 1927. Thereupon, in accordance with the mother's will, the trustees divided the principal into three separate trusts, one for each of the daughter's three children, Julia R. Small, Helen L. Herbert and Frederick A. M. Schieffelin, who were also the beneficiaries of independent

trusts of $50,000 each under their grandmother's will. Julia R. Small died in 1940, and her sister, Helen L. Herbert, in 1941, both without issue, residents of England. Sometime prior thereto their brother, Frederick A. M. Schieffelin, had been adjudicated an incompetent, and respondents B. Otto Jacobsen and Nyack Bank and Trust Company had been appointed committee of his property. Said Jacobsen was granted ancillary letters testamentary upon the Small and Herbert estates. In 1942, the trustees instituted a proceeding for the settlement of their account and for distribution of the remainders of the trusts held for the benefit of Julia R. Small and Helen L. Herbert. Jacobsen appeared therein as ancillary executor of the Small and Herbert estates and as committee, with the Nyack Bank, of Frederick A. M. Schieffelin, for whom a special guardian also appeared. Based apparently on the view that on the death of any grandchild the corpus of his or her trust passed to the survivor or survivors of this group, said account showed the Small estate entitled only to the income of the trusts for her benefit, accrued to the date of her death; the Herbert estate entitled to one half of the principal of her predeceased sister's trusts, plus accrued interest on her own trusts; and the incompetent's estate entitled to one half the principal of the Small trusts and the entire principal of the Herbert trusts. No objections were interposed to the account, and a decree, settled on notice to all parties, was made on August 31, 1943, from which no appeal was taken and pursuant to which said estates were distributed. The incompetent died without issue in 1946. Thereafter, the trustees filed their account and sought a determination as to the disposition of the corpus of the secondary and independent trusts created and held for his benefit. By a decree dated January 9, 1952, the Surrogate construed the will of Mary Ann Chisolm to the effect that each of the incompetent's sisters had held a vested remainder in his trust, and directed payment of the funds in equal shares to the legal representatives of their estates. This determination (*Matter of Chisolm*, 108 N. Y. S. 2d 490) was affirmed on appeal (*Matter of Chisolm*, 280 App. Div. 872, motion for leave to appeal denied, 280 App. Div. 894, 304 N. Y. 986). The English and domiciliary executor of the Small estate applied to the Surrogate's Court of Rockland County for the removal of Jacobsen as ancillary executor of the Small estate, upon the ground, among others, that he had breached his duty as such executor by deliberately permitting the distribution of the entire principal of the Herbert trusts to the incompetent's estate pursuant to the 1943 decree, instead of seeking to have the same distributed equally between the incompetent's and the Small estates, as the 1952 decree demonstrates was proper. The Surrogate's denial of this petition was affirmed (*Matter of Small*, 281 App. Div. 837, affd. 305 N. Y. 807). Petitioner, said domiciliary executor of the Small estate, relying upon subdivision 6 of section 20 and section 40 of the Surrogate's Court Act, brought this proceeding in the Surrogate's Court, Queens County, asking that the decree of August 31, 1943, be vacated; that an amended decree be entered directing the payment to him of one half of the remainder of the Herbert trusts and that the committee of the incompetent and the executors of his estate be directed to restore said assets, or their value, to him. The Surrogate dismissed said petition on the merits. Petitioner appeals from the order entered thereon. Order affirmed, with $10 costs and disbursements to respondents filing briefs, payable out of the estate. The decree of the Surrogate in the proceeding brought for the removal of Jacobsen as ancillary executor of the Small estate is not *res judicata* herein, for the finding therein that said executor should not be removed does not preclude appellant from litigating the different issues

offered in this proceeding. (*Karameros* v. *Luther*, 279 N. Y. 87, 91–92; *Donahue* v. *New York Life Ins. Co.*, 259 N. Y. 98, 102–103; *Rudd* v. *Cornell*, 171 N. Y. 114, 127–129; *Phillips* v. *Oltarsh*, 273 App. Div. 715, affd. 298 N. Y. 835.) The power conferred upon a surrogate by subdivision 6 of section 20 of the Surrogate's Court Act, to vacate a decree of his court relates only to matters specified in that statute. It does not apply to judicial error which can be reviewed on appeal. Nor does section 40 of the Surrogate's Court Act, confer such power. (*Matter of Brennan*, 251 N. Y. 39; *Matter of Henderson*, 157 N. Y. 423; *Matter of Starbuck*, 221 App. Div. 702, affd. 248 N. Y. 555.) Present — Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.