In the Matter of the Probate of the Will of JOSEPHINA PUGLISI, Deceased.

Surrogate's Court, Kings County, April 21, 1954.

*William J. Harris* and *Lawrence Graves* for Salvatore Puglisi, proponent, and another.

*Benjamin Lichterman* and *Isidore Siegeltuch* for Anthony Puglisi, contestant.

RUBENSTEIN, S. Upon all the evidence, the court is satisfied that the propounded instrument was executed and attested as required by section 21 of the Decedent Estate Law. At the time of its execution, decedent was of sound mind and in all respects competent to make a will. The instrument fully expresses her testamentary desires and is free from fraud and undue influence. Not a scintilla of competent evidence has been offered in support of the charges detailed in the bill of particulars.

Petitioner's crippled physical appearance convinces the court that decedent had substantial reason for preferring him in the distribution of her estate. Additionally, the evidence discloses ample grounds for the disinheritance of the contestant. The court does not credit the testimony of contestant's main witness and the testimony of his other witnesses is weak and vacillating.

The court regrets that it must deny petitioner's motion to withhold letters testamentary from the nominated executrix. She signed, executed and caused to be filed her oath as executrix and fully qualified to serve as such executrix in the event the

will was admitted to probate. In fact, she consented, both individually and as executrix, that the will be probated. At the trial, she aligned herself with the contestant and testified against the will. The court does not look with favor upon such conduct from one who now seeks to act as a fiduciary. Her actions indicate the lack of moral stability which every fiduciary ought to possess. Yet the court is powerless to withhold letters testamentary from her.

The grant of such letters is regulated by statute and the court may deny them only on one or more of the grounds enumerated in sections 94 and 95 of the Surrogate's Court Act. The conduct of the executrix, however reprehensible, does not come within the condemnation of the statute and the court may not broaden the scope of the statute because of its convictions. *Matter of Foss* (282 App. Div. 509, 511) is a recent pertinent authority. There Judge BREITEL, in construing the statute under consideration, said for the unanimous court: " It has been uniformly held heretofore that the grounds for disqualification set forth in section 94 are exclusive, and that the Surrogate's power to refuse letters is limited by that statute (*Matter of Flood,* 236 N. Y. 408; *Matter of Leland,* 219 N. Y. 387; *Matter of Latham,* 145 App. Div. 849). The texts agree. ' If the candidate cannot be slotted in any subdivision listing a disqualifying cause he may act ' (2 Jessup-Redfield on Surrogate's Law and Practice [1947], § 1284. Accord, 2 Butler on New York Surrogate Law and Practice [1941], § 1161; 2 Warren's Heaton on Surrogates' Courts [1952], § 128, par. 1, subd. [a])." In this connection, see, also, *Matter of Dunham* (165 App. Div. 165).

The provisions of section 99 of the Surrogate's Court Act may not be invoked unless the executrix has been guilty of the misconduct therein enumerated (*Matter of Foss, supra*). If the law is to be otherwise the petition for change must be directed to the Legislature.

The objections are dismissed and the propounded instrument is admitted to probate.

Proceed accordingly.