S. Samuel Di Falco, S.
In this proceeding for revocation of letters testamentary and for the issuance of letters of administration c. t. a. to the petitioner, a motion for summary judgment dismissing the petition has been made by the respondent executor. Several grounds have been set forth as a basis for the motion but the basic substantive ground relied upon is that the petition does not state any of the statutory grounds or causes for the removal of an executor set forth in section 99 of the Surrogate’s Court Act. The court has carefully examined the petition for revocation of letters testamentary and can find therein none of the causes for removal of an executor as set forth in section 99 of the Surrogate’s Court Act. The peti *67 tioner apparently relies upon subdivision 3 of section 99 which sets forth the following as one of the grounds for removal of an executor: ‘ ‘ Where he has wilfully refused, or, without good cause, neglected, to obey any lawful direction of the surrogate contained in a decree or order, or any provision of law relating, to the discharge of his duty.” There is nothing in the petition nor is it alleged in the memorandum of law submitted on behalf of the petitioner that the executor whose removal is sought has willfully refused or neglected to obey any direction of the Surrogate contained in any decree or order or has refused or neglected to obey a provision of law relating to the discharge of his duties.
The petitioner in an attempt to excuse and explain her failure to seek an order to compel the executor to bring an action under section 19 of the Personal Property Law states that it would be futile to seek to compel the executor to bring such an action because to do so would have the effect of requesting the court to make an order directing the executor, which is also the inter vivos trustee, to sue itself. What is overlooked by the petitioner is that the very nub of the controversy is whether this court could in the first instance find reason sufficient to justify the granting of an application to compel the executor to bring any proceeding under section 19 of the Personal Property Law. The court is not of the opinion that any action under section 19 of the Personal Property Law is available to the executor on behalf of the petitioner, the decedent’s daughter. The section was enacted for the benefit of creditors who were defeated by an act, transfer or agreement made by a decedent during his lifetime which was made in fraud of such creditors. There is nothing to indicate that the section was intended to aid disgruntled heirs or legatees. There are very few reported cases on the subject but those reported indicate to the contrary. In Lore v. Dierkes (19 Jones & Sp. 144) the court held that a fraudulent transfer can be avoided for the benefit of creditors but not for the benefit of next of kin. In arriving at this conclusion the court made the following significant statement (p. 157): “ The proposition does not need discussion that an instrument which transfers the whole property of a person to one of those who are his next of kin, and would upon his death become his heirs or distributees, to the exclusion of the rest, is not a fraud upon them. The transferer has no obligation to any of his next of kin, in such a matter. Although the instrument may be fraudulent as to creditors, the next of kin, or their representative, cannot avoid it.”
So also in McQuaide v. Perot (223 N. Y. 75) on page 82: “ The provisions of the Personal Property Law (Cons. Laws, ch. 41) *68 and the analogous provisions of the Eeal Property Law (Cons. Laws, ch. 50, § 268) may be invoked for the benefit of defrauded creditors, but not for the benefit of legatees or next of kin.”
Legatees and distributees have no right to question transfers actually made by a decedent during his lifetime. Even a widow, who by reason of the enactment of section 18 of the Decedent Estate Law now has a statutory right to elect to take against the provisions of a will, has no right to question the transfer of property made by the decedent during his lifetime unless such transfer was illusory. The widow’s interest in the estate is confined only to the property actually in the estate and includes no property which does not form part of the estate at the time of the decedent’s death. (Newman v. Dore, 275 N. Y. 371; Krause v. Krause, 285 N. Y. 27; Matter of Halpern, 303 N. Y. 33.)
Thus in the case at bar, the court is not of the opinion that the petitioner who is not a creditor could require the executor to invoke the provisions of section 19 of the Personal Property Law to attack transfers made by the decedent during his lifetime. It would appear, therefore, that the only ground for removal stated in the petition is that there is a conflict of interest between the executor and one of the decedent’s distributees. Our courts have repeatedly held that a conflict of interest between the executor and a legatee or distributee in and of itself is not sufficient cause for the removal of the executor. Misconduct in office or one of the other statutory grounds set forth in section 99 of the Surrogate’s Court Act must be proved before a fiduciary will be removed from office. (Matter of Foss, 282 App. Div. 509; Matter of Sherman, 9 Misc 2d 731; Matter of Small, 281 App. Div. 837, affd. 305 N. Y. 807.) The motion for summary judgment dismissing the petition for the revocation of letters testamentary is, therefore, granted.
Submit order on notice accordingly.