John M. Keane, S.
The last will and testament of Walter Griffin was admitted to probate by this court on August 30, 1965. Letters testamentary were issued the same day to Joann Bernstein Riley.
On October 8, 1965, Edward Griffin, a brother and distributee of the decedent, filed a petition praying that the decree appointing Joann Bernstein Riley as executrix be vacated and revoked. An order was made by the court directed to the executrix and beneficiaries named in the will to show cause why the letters testamentary issued to Joann Bernstein Riley should not be vacated and revoked.
On November 1, 1965, the special guardian for the infant beneficiaries moved to dismiss the petition on the ground that the petition failed to state sufficient facts under the appropriate sections of the Surrogate’s Court Act to support the relief sought.
An examination of the pleadings reveals that the real controversy concerns the service of the citation upon Edward Griffin as a distributee in the probate proceeding for the will of his brother, Walter Griffin. Itis the contention of the special guardian that his motion to dismiss the petition to vacate and revoke the letters testamentary should be granted because no facts are set forth to satisfy the statutory requirements for such relief. In reply, counsel for Edward Griffin states broadly that since the Surrogate’s Court has jurisdiction of the matter, relief should be granted even though the pleadings may not request the actual relief sought, namely, a vacatur of the probate decree.
*267 The day is long past that saw denial of substantial rights because of failure to comply with the niceties of pleading. At this point in time, we wonder about the reasoning in those days of the past that permitted such results. This court is fully aware of the modern concepts of pleading and believes that substance is more important than form.
Yet, for an orderly disposition of the court’s business, some attention must be given to the pleadings and the relief requested. It seems to this court that substantive law is analogous to an automobile. Carrying the analogy one step further, procedure is the fuel that makes the automobile go.
If the fuel required for a particular automobile is gasoline, it matters not which of the hundreds of brands of gasoline is used to run the automobile. Spending time debating the merits of the various brands of gasoline would bo foolish and wasteful. However, if the automobile requires diesel fuel instead of gasoline, then the type of fuel required would be significant.
So it is with procedure and the substantive law. If the form of pleading chosen by the petitioner is similar to gasoline, when the automobile requires diesel fuel for its operation, then the pleading can no more advance his cause than would the wrong fuel propel an automobile.
It is the contention of the special guardian for the infant beneficiaries that the relief sought by the petitioner is of such a nature that the proceeding cannot now be converted into one seeking a vacatur of the probate decree. A proceeding seeking to revoke letters testamentary differs from a proceeding seeking a vacatur of a probate decree as significantly as does gasoline from diesel fuel when the latter is needed to run the automobile.
The petitioner sets forth no facts to bring the proceeding within the scope of sections 99 and 104 of the Surrogate’s Court Act relating to the revocation of letters testamentary. No valid grounds have been set forth to justify the revocation of letters testamentary pursuant to statute. (See Matter of Kent, 22 Misc 2d 66 [1959].)
Since the same parties would be before the court in a proceeding to vacate the decree of probate, should this proceeding continue as one to vacate the decree of probate ? This court believes not. A proceeding to vacate the decree of probate is sufficiently different and distinct to require that it be a separate proceeding.
For the orderly conduct of business, it appears to this court that if Edward Griffin desires to seek a vacatur of the decree of probate, he should initiate a proceeding seeking that relief. Therefore, the petitioner, Edward Griffin, will not be permitted *268 to continue this proceeding as one to obtain a vacatur of the decree of probate.
The motion of the special guardian for the infant respondent beneficiaries to dismiss the petition to vacate and revoke the letters testamentary is hereby granted, without costs.